HERBERT W. SAVAGE AND THOMAS. P. DENHAM, *Plaintiffs in Error*, v. RODERICK G. ROSS, *Defendant in Error*.

In an action at law on a written lease to recover rent in one count of the declaration, and for a breach of covenant in a second count, when the written lease is made a part of each count the question of a variance between the terms and conditions of the lease itself and the claims set up in the declaration cannot properly be raised on the trial by objecting to the introduction in evidence of the written lease under the plea of *non est factum*. This question should be presented by demurrer to the declaration.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Robert A. Baker,* for Plaintiffs in Error;

*Bisbee & Bedell,* for Defendant in Error.

Hocker, J.—The plaintiff in error brought a suit at law against the defendant in error in the Circuit Court of Duval County. The declaration contains two counts: The first, in substance, declaring upon a lease for rent alleged to be due under the terms and conditions of an instrument under seal called a lease, and the second as upon a breach of covenant contained in said instrument. This lease is made a part of each count of the declaration. The defendant pleaded three pleas: First, that the alleged indenture is not his deed; second, that there was in and upon the land mentioned in the declaration no mineral for which the defendant covenanted to pay fifty cents per gross ton as in said declaration mentioned; and, third, that there was in and upon the land metioned in the declaration no mineral for which the defendant covenanted to pay fifty cents per gross ton suitable or practicable to be mined. Issue was joined on the first plea, and a demurrer was interposed to the second and third pleas, which was sustained. On the trial the plaintiff offered in evidence the lease set out in the declaration, to the introduction of which the defendant, after admitting in open court that the signature and seals to said paper were all genuine, objected to its being read in evidence. The objections cover five pages of the type-written copy of the record. The contention sifted down is, as we understand it, that the true meaning of the lease is that the defendant was not required to pay royalties or ground rent on rock not shipped from the

land, and it is not alleged that rock was moved and shipped; second, that the declaration alleges the defendant covenanted to pay for the rock shipped, at the residence of the plaintiff, whereas the lease provides payment shall be made to the Atlantic National Bank of Jacksonville; and, third, that the declaration demands money in any lawful tender, and the lease provides for payment in gold coin. This contention was sustained by the Circuit Judge, the plaintiff took a non-suit, suffered a final judgment against himself, and has brought to this court the correctness of this ruling of the trial judge on writ of error. This brings us face to face with the question whether under the plea of *non est factum in this particular* case the objections which were made could properly be made. The practice of making the cause of action such as a deed or other instrument a part of the declaration, or of literally copying it in the declaration as a part of it, is hardly consistent with the rule which requires that such instruments except in cases of libel should be pleaded according to their legal effect. Shipman's Common Law Pleading (2nd ed.) 459, 460, 1 Chitty on Pl. (16th ed.) bottom page 483.

If there is a doubt as to the legal effect of an instrument, it seems to have been permitted 1 Saunders on Pl. & Ev. (5th Am Ed) 194, 1 Chitty, Supra.

It has occurred in a number of cases which have come to this court and as the parties have consented to this method of pleading in the courts below, this court has treated the records as it found them. First Nat. Bank of Florida v. Savannah, F. & W. Ry. Co., 36 Fla. 183, text 193, 18 South. Rep. 345. See also the exhaustive discussion of this question in the case of the State v. Seaboard Air Line Ry., 56 Fla. 670, text 679, 47 South. Rep. 986, and cases cited.

In the instant case, we are required to construe the

effect and scope of a plea of *non est factum* to a declaration in which the lease which is the foundation of the suit is made a part of the declaration. The record is in practically the same condition as if at Common Law oyer of the lease had been craved and granted, and the lease had thereby been made a part of the declaration. In this situation it is said in 1 Chitty on Pleading (7th Eng. Ed. by Greening) bottom page 561: "The tenor of the deed, as it appears upon oyer, is considered as forming part of the precedent pleading, and therefore if the breach laid in the declaration be not supported by the deed, in other words, if the deed thus set out in the plea be found to contain in itself matter of objection or answer to the plaintiff's case as stated in the declaration, the defendant's course (after setting out the deed on oyer) is to demur, not to make the objection the subject-matter of a plea. The defendant may demur after setting out the deed on oyer, if in the declaration any part of the deed which qualifies the contract as shown in the declaration, or which renders it dissimilar to that described in the declaration, be omitted or misstated by the plaintiff therein." It is further stated: "Should the true effect and meaning of the deed be misstated in the declaration the variance is cured and becomes immaterial, if the deed be set out in the plea on oyer, and *non est factum* be pleaded; for on that issue the only question at the trial is whether the deed as set out in the plea was executed by the defendant or not, and the jury are not competent to decide what is the legal effect of the deed. In such case the defendant had better plead *non est factum* without craving oyer; and then the question would be, whether the deed *as described in the declaration,* was executed by the defendant." The Common Law rule seems to have been this: If a deed is made part of the declaration by being set out on oyer, and there is a

variance between the deed and the declaration, not going to the foundation of the cause of action, the variance is not reached by demurrer, but if upon comparing the deed with the construction of it relied on in the declaration, it appears that the declaration states no cause of action, then a demurrer does lie. See the remarks of Lord ABINGER in the case of Paine and others Executors v. Emery, 2 C. M. & R. Exch. 304. In the case of Snell v. Snell, 4 Barn. & C. (10 Eng. C. L.) 782, it is held that "Where in covenant a defendant craves oyer of the deed, sets it out, and pleads *non est factum,* the deed so set out becomes a part of the declaration, and the only question at the trial upon that issue is whether the deed set out was executed by the defendant." In this case a deed was set out on oyer and under the plea of *non est factum* the court was asked to construe the deed to determine whether certain words in the deed amounted to "a covenant on the part of the lessor, or only a condition or qualification of the lessee's covenant to repair." ABBOTT, C. J. said: "The deed so set becomes a part of the declaration; the defendants, in order to raise that question, should have demurred." He further said: "I abstain from giving any opinion upon the question of law as to the construction of the deed; that is whether it contains a covenant on the part of the lessor to find timber for the repairs of the demised premises. The course of pleading which has been adopted precludes the court from entering into or deciding that question. The plaintiff by his declaration surmises that there is such a covenant in the lease, the defendant prays oyer, and having set it out, pleads *non est factum.* When that has been done, it appears by all the authorities that the only question is whether the party did or did not execute the deed so set out and transcribed into the record whereby it is rendered a part of the declaration."

Rule 67 of the Rules of Circuit Court in Common Law Actions is as follows: "In actions on specialties and covenants, the plea of *non est factum* shall operate as a denial of the execution of the deed in point of fact only, and all other defenses shall be specially pleaded, including matters which makes the deed absolutely void as well as those which make it voidable." This is an exact copy of the 10th Rule of the Trinity Term, 1853. See Day's Common Law Proc. Acts, p. 495. We have been unable to discover any English decision upon this rule giving a broader construction to the plea of *non est factum* than that already given.

The defendant below seems to have acted on the theory that our statute (section 1429 General Statutes of 1906) doing away with the necessity of profert, and the right of the opposite party to crave oyer, made nugatory that part of the declaration in the instant case, by which the lease was made a part of the same. It is true that by virtue of the statute, the defendant could not crave oyer and thereby have made the lease a part of the declaration. But the plaintiff of his own motion and without oyer made the lease a part of his declaration. The statute does not render this act of the plaintiff nugatory. It may, under our system of pleading be embarrassing to the defendant for him to do so. But the defendant did not object and request a compulsory amendment under section 1433 General Statutes of 1906. The record is in this shape with the defendant's consent.

Under such circumstances this court has heretofore dealt with the record as it found it, and we have held that where a demurrer is filed to such a declaration, it is addressed to the entire declaration, including the cause of action which is made a part of it, and if when so considered, the statement of the cause of action is repugnant or inconsistent with the allegations of the declaration, it

will be held bad on demurrer. State v. Seaboard Air Line Ry., *supra*. At the present term in the case of Capital City Bank v. Hilson, we held that a demurrer to pleas reaches back to the declaration, and if the legal effect of a contract which was made a part of the declaration *in ipsisimis verbis* and was the foundation of the suit, was not that which was relied on by the plaintiff, no cause of action was stated.

In such a case the matter is one of law and not one of fact, and a demurrer is the proper method by which a question of law is raised. If the lease had not been made a part of the declaration, but it had been simply sued upon according to its legal effect as construed by the plaintiff, then under plea of *non est factum,* the defendant might have properly made the objections he insisted on at the trial. He might well have contended I executed a lease it is true, but the lease I executed does not bear the construction which you place on the one upon which you sue, and therefore is not the lease which I executed. In other words, I made no such lease as you sue on. Stephens on Pl. (Tyler) 171, 172 and 253. It is said by Williams, J., in Smith v. Scott, 95 E. C. L. *771 (decided in 1859 while the above cited rule fixing the scope of the plea of *non est factum* was in force) : "The proper mode of taking advantage of a variance between the alleged and the real effect of a deed is by a plea of *non est factum.*" In this case the deed was not made a part of the declaration by oyer or otherwise.

It seems to us that the Circuit Judge erred in sustaining the objections of the defendant to the introduction of the lease in evidence. We would be glad, for the convenience of the parties, if we could do so without violating the well established rules of procedure, to construe the lease and to determine whether the contention of the defendant is correct. But we do not feel we are

permitted to go farther than to say that such an examination of the declaration as we have made does not disclose to us that it fails to state a cause of action. We cannot say what our judgment would be upon a critical examination of the declaration and the authorities.

The judgment of the Circuit Court is reversed.

TAYLOR, SHACKLEFORD and COCKRELL, J. J., concur.

WHITFIELD, C. J., and PARKHILL, J., disqualified.