M. H. SHELTON, *Plaintiff in Error*, v. CHARLES EISE-MANN, *Defendant in Error.*

Opinion filed May 6, 1918.

1. A cause of action in the form of a contract which by apt words is made a part of the declaration and the contract or a copy thereof filed with it is treated as part of the record upon demurrer to the declaration.

2. A demurrer to pleas in bar opens the entire record and if in such case the declaration is bad the demurrer should be overruled and judgment given against the party who committed the first error.

3. If the allegations of a declaration containing one count are repugnant to and inconsistent with each other in matters of substance or if the allegations of the declaration are inconsistent or repugnant to a material clause in the contract declared upon and made a part of the declaration it should be held to be bad on demurrer.

4.  S. and E. entered into an agreement in writing whereby for a
    valuable consideration E. gave to S. the privilege of purchas-
    ing six months after date a certain lot, subject, however, to,
    an option which he held with the P. H. and I. Co., who owned
    the lot to purchase it at a certain price within that time. E.
    failed to purchase from the Co., and therefore was not in a
    position to convey to S. who offered to purchase from E.
    *Held* that S. could not recover from E. upon the contract dam-
    ages for failure to purchase the lot from the Co. and convey
    it to S.

Writ of Error to Circuit Court for Manatee County,
F. M. Robles, Judge.

Judgment affirmed.

*John B. Singletary,* for Plaintiff in Error;

*John F. Burkett,* for Defendant in Error.

ELLIS, J.—The plaintiff in error brought an action in
the Circuit Court for Manatee County against the
defendant in error upon a contract whereby Charles
Eisemann, the defendant below, for a valuable consider-
ation gave to M. H. Shelton, the plaintiff below, his heirs
and assigns "the privilege of purchasing" six months
after date, a certain lot of land for a certain price pay-
able upon certain dates named in the contract. The
plaintiff's declaration alleged that he desired to exer-
cise the option and to purchase the property at the
price and upon the terms set out in the contract. and
so notified the deefndant six months after the date of
the option, but that the defendant who held an option
from The Palmetto Hotel and Improvement Company
for the purchase of the property failed to purchase the,

same from that company notwithstanding it had a good
title and legal right to convey the same and was bound
by its contract with the defendant to convey it had the
latter exercised his option and demanded the convey-
ance, and by reason of his failure to purchase the lot
from the company the defendant was unable to deliver
to the plaintiff title to the lot which the defendant
had promised to sell.

The defendant pleaded that he did not promise as
alleged and that he was not guilty. In addition to
these two pleas he filed eleven "amended pleas to the
declaration."

The case was referred to W. B. S. Crichlow as referee.

The plaintiff moved to strike all the amended pleas
from the second to eleventh inclusive, and at the same
time demurred to them.

Upon consideration of the motion to strike and the
demurrer the referee entered the following order:

"This cause coming on to be heard before me this
day upon the motion of the plaintiff filed the 26th day
of May, 1916, to strike pleas and the demurrer of plain-
tiff filed the 26th day of May, 1916, to pleas, and the
said motion and demurrer having been argued by counsel
for plaintiff and defendant, and after a careful examin-
ation of the declaration on file in said cause, together
with the exhibits attached thereto and made a part
thereof, it is the opinion of the referee that the declara-
tion does not state a cause of action. The option con-
tract given by the defendant to the plaintiff, therein
set forth, is contingent upon the exercise and consum-
mation of the option from the Palmetto Hotel and
Improvement Company to the defendant. The language
of the option contract is, 'Subject, however, to option
contract made between the Palmetto Hotel and Improve-

ment Company, a Corporation, to Charles Eisemann, for the purchase of the "Oaks Hotel" and Lots 5 and 8 of Block "D" Lamb's Plat of Palmetto, Florida, said Option Contract as of the same date as this contract.' I construe this language to mean that if the defendant consummated his option contract with the Palmetto Hotel and Improvement Company he agrees to be bound to the plaintiff according to the terms of the option between the defendant and plaintiff. The declaration states that the former option was not consummated. Hence fails to set up a sufficient ground for recovery. The referee having taken this construction of the declaration it is unnecessary to further view the motion and demurrer of the plaintiff to the pleas.

"IT IS THEREUPON the judgment of the referee that the plaintiff take nothing by his said plaint and that he shall have leave to file an amended declaration in said cause on or before the 10th day of June, 1916, failing in which the cause stands dismissed at the cost of the plaintiff, to be taxed by the Clerk.

"DONE AND ORDERED at Bradentown, Fla., this 29th day of May, 1916."

The record shows that on November 28, 1916, the plaintiff took a writ of error and assigned five errors, as follows: First, overruling the motion to strike the amended pleas; second, overruling the demurrer to the amended pleas; third, entering the order dismissing the cause; fourth, "construing the option contract attached as an exhibit to the declaration in said cause as shown by his said order dated May 29, 1916," and, fifth, rendering a final judgment.

Copies of both contracts were attached to the declaration and by appropriate words made parts of it. Therefore in considering the demurrer the contracts were

properly treated as part of the record. See State v. Seaboard Air Line Ry., 56 Fla. 670, 47 South. Rep. 986; Woodbury v. Tampa Water Works Co., 57 Fla. 243, 49 South. Rep. 556; Savage v. Ross, 59 Fla. 407, 52 South. Rep. 16.

The demurrer to the pleas opened the entire record and if the declaration was bad it was proper for the referee to overrule the demurrer which was the effect of his order, because a bad plea is a good defense to a bad declaration. In such case judgment will be given against the party who committed the first error. Miller v. Kingsbury, 8 Fla. 356; Sanford v. Cloud, 17 Fla. 532; Bennett v. Herring, 1 Fla. 387; Reeves v. State, 29 Fla. 527, 10 South. Rep. 901; State ex rel. Morgan v. Louisville & N. R. Co., 51 Fla. 311, 40 South. Rep. 885; Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 49 South. Rep 1024.

Now if the allegations of the declaration which contained only one count are repugnant to and inconsistent with each other in matters of substance, or if the allegations of the declaration are inconsistent and repugnant to a material clause in the contract declared upon then the declaration is bad and the judgment of the court below was correct. See Hoopes v. Crane, 56 Fla. 395, 47 South. Rep. 992; State v. Seaboard Air Line Ry., supra; Savage v. Ross, supra; Capital City Bank v. Hilson, 59 Fla. 215, 51 South. Rep. 853.

According to the declaration and the two contracts which were made a part of it The Palmetto Hotel and Improvement Company on the 2nd day of June, 1914, for a certain consideration to it paid by Charles Eisemann gave to the latter in writing the privilege of purchasing certain lots in the town of Palmetto at a certain price and upon certain terms. The option was to be exer-

cised on or before six months after the date of the contract. M. H. Shelton presumably, the plaintiff in the action below, was a witness to the execution of the contract. Upon the same day Charles Eisemann gave to M. H. Shelton in writing for a valuable consideration paid by the latter the privilege of purchasing a portion of the lots and the building located on the lots at a certain price and upon certain terms therein named. The contract contained the following clause: "Subject, however, to option contract made between the Palmetto Hotel and Improvement Company, a corporation, to Charles Eisemann for the purchase of Oaks Hotel and Lots 5 and 8 of Block 'D' Lambs Plat of Palmetto, Florida, said option contract as of same date as this contract."

The intention of the parties as shown by the above clause was to make the performance of the contract between the plaintiff Shelton and the defendant Eisemann on the latter's part dependent upon the exercise by him of the option which he held by contract with the corporation. This clause placed the contract sued upon under the contingency of the acquisition of title by the defendant to the lots described. Without such a clause the defendant would have been liable upon his contract if within the time specified the plaintiff had notified him of the plaintiff's decison to purchase and had offered to perform the agreement upon his part to be performed. But the effect of the clause was to subject the defendant's liability upon his agreement to the contingency of the exercise by him of the option which he held by contract with the corporation and the acquisition of title to the property.

Any other construction, particularly the one placed upon the clause by the plaintiff, would render the defend-

ant liable in damages to the plaintiff because of the defendant's failure to exercise the option which he held by contract with the corporation although the plaintiff was not a party thereto provided the latter decided to exercise the option which he held by contract with the defendant.

In other words when the defendant signed the option which he gave to the plaintiff he thereby bound himself to acquire the title to the property from the corporation, to exercise the option which he held by contract with it, by purchasing the property upon notice from the plaintiff. If such was the intention of the parties the clause was wholly unnecessary.

An option is merely a right to choose. By contract with the Palmetto Hotel and Improvement Company the defendant had acquired the right to choose or elect whether he would purchase the lots at the price and upon the terms named. This, it appears, the plaintiff knew, who made a contract with the defendant subject to the latter's right to elect whether he would buy the lots or not from the corporation at the price and upon the terms named.

The corporation had no right under the agreement to compel Eisemann to buy the property. The right to elect whether he would buy was exclusively Eisemann's. Contingent upon, subject to the exercise of this right the plaintiff made his agreement with Eisemann. But it is argued, such was a foolish agreement. Be that as it may. The parties were at liberty to make such contract as they chose, so long as the purpose and subject-matter were legal.

The declaration alleges that the defendant "failed to purchase the said property from the Palmetto Hotel and Improvement Company." The contract sued upon con-

tains no provision that he would do so, but upon the contrary that if he did purchase and the plaintiff desired to purchase from defendant the latter would sell at the price named. The allegation of the declaration is repugnant to and inconsistent with the terms of the contract sued upon. The judgment of the referee was therefore correct and should be affirmed.    It is so ordered.

BROWNE, C. J. AND TAYLOR, WHITFIELD AND WEST, J. J., concur.