247 So.2d 736 (1971)
HARRY PEPPER & ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Harley O. Al LASSETER, Sr. et al., Appellees.
No. 70-672.
District Court of Appeal of Florida, Third District.
April 20, 1971.
Rehearing Denied June 4, 1971.
Cunningham & Weinstein, Miami, for appellant.
Frates, Floyd, Pearson & Stewart, Leo M. Alpert, Miami, for appellees.
Before BARKDULL, HENDRY and SWANN, JJ.
SWANN, Judge.
Plaintiff, Harry Pepper & Associates, Inc., appeals from a final order that dismissed its amended complaint against the appellees with prejudice. Plaintiff does not challenge the "with prejudice" part of the order; it only argues that error was made in the dismissal of its amended complaint.
Plaintiff's position on appeal is that its amended complaint contained three counts. Plaintiff says the first count alleged a tortious interference by the defendants with a contract which it held with the City of Opalocka, Florida. It attached the deposition of one Harley O. Lasseter, Sr., taken in a different law suit, to the amended complaint as Exhibit Four and alleged that the deposition was incorporated therein as if copied in full.
"Any exhibit attached to a pleading shall be considered a part thereof for all purposes". Rule 1.130(b), R.C.P., 30 F.S.A. In considering the motion to dismiss the trial court was required to consider the exhibit (deposition) attached to and incorporated in the amended complaint. Dade County v. Harris, Fla. 1956, 90 So.2d 316.
There is an inconsistency between the general allegations of material facts in the amended complaint and the specific *737 facts revealed by the exhibit (deposition) and they have the effect of neutralizing each allegation as against the other, thus rendering the pleading objectionable. See Shelton v. Eisemann, 75 Fla. 644, 79 So. 75 (1918); Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 So. 517 (1917); State v. Seaboard Air Line Ry., 56 Fla. 670, 47 So. 986 (1908); and 25 Fla.Jur. Pleading § 31.
The exhibit attached and incorporated in the amended complaint also shows that the defendants had a legitimate interest in the maintenance and establishment of the public health of this community. Such actions have been held to be justified or privileged in suits of this type. See Middlesex Concrete, etc. v. Carteret Industrial Ass'n, 37 N.J. 507, 181 A.2d 774 (1962).
Plaintiff maintains the second count of its amended complaint alleged the wrongful institution of legal proceedings. The second count failed to allege the absence of probable cause and malice. Plaintiff argues that it sufficiently alleged lack of probable cause in the amended complaint and that a jury may infer malice when it finds a lack of probable cause and that it is not necessary to allege each element of this cause of action. The rule is that it is necessary to allege the absence of probable cause and the presence of malice, together with the other elements in actions of this type, and if any one element is lacking the action will not lie. See Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926); Wilson v. O'Neal, Fla.App. 1960, 118 So.2d 101; and 21 Fla.Jur. Malicious Prosecution § 4.
"An essential allegation will not be imported into the declaration by mere inference or intendment". Southern Liquor Distributors v. Kaiser, 150 Fla. 52, 7 So.2d 600 (1942). See also Edwards v. Maule Industries, Inc., Fla.App. 1962, 147 So.2d 5.
Finally, plaintiff contends that the trial court erred in dismissing its civil action for champerty and maintenance against the defendants. Assuming arguendo, that a civil action lies in Florida for champerty and maintenance, there are no allegations in these pleadings that defendants were to share in the proceeds of any law suit. It affirmatively appears from the exhibit that defendants had an interest in the prior action; that they were not strangers or intermeddlers and they had a right to assist in prosecuting the prior actions. See Nationwide Mutual Insurance Co. v. McNulty, Fla. 1970, 229 So.2d 585; Brush v. City of Carbondale, 229 Ill. 144, 82 N.E. 252 (1907); and Middlesex Concrete Products, supra.
For these reasons the final order of dismissal with prejudice is
Affirmed.