334 So.2d 124 (1976)
ALY HANDBAGS, INC., a Florida Corporation, and Alberto Llodra, Appellants,
v.
Ira ROSENFELD, Appellee.
No. 75-1496.
District Court of Appeal of Florida, Third District.
April 27, 1976.
Rehearing Denied July 6, 1976.
Gelb & Spatz, Miami, for appellants.
Nachwalter, Christie & Falk, and Steven Kronenberg, Miami, for appellee.
Before BARKDULL, C.J., HAVERFIELD, J., and CHARLES CARROLL, (Ret.) Associate Judge.
PER CURIAM.
Defendants appeal an order granting plaintiff an accounting in an action to recover commissions due pursuant to a contract of employment.
On October 2, 1968 plaintiff, Ira Rosenfeld, an experienced handbag salesman, entered *125 into a written employment contract with defendant Aly Handbags, Inc., whereby plaintiff was to receive a 10% commission on all net sales made in Florida plus out-of-state accounts designated by him, and a 3% override commission on all orders which were not his accounts. Shortly thereafter, plaintiff discovered that defendant had made sales on which it was not paying commissions by designating them "house accounts" (sales made in areas where there were no salesmen). Whereupon, he complained to defendant, Alberto Llodra, president of Aly Handbags, and threatened to quit. Llodra assured plaintiff that such conduct would not be repeated and orally agreed to give him an additional 2% commission to be placed in a joint account at the First National Bank of Hialeah on all net shipping made from Aly Handbags. On September 1, 1970 the parties entered into a new employment contract providing for the same commission structure as the 1968 contract. Subsequently, plaintiff again voiced his dissatisfaction in not receiving commissions on cash sales being made to retailers and customers and then discovered Llodra discontinued the joint account at the bank. On February 16, 1973 plaintiff's employment was terminated and he filed the instant action seeking to collect the commissions due on the house accounts and cash sales dating from the 1968 contract. Plaintiff also sought an accounting and after a hearing, the court entered the following order:
"ORDERED AND ADJUDGED as follows:
"1. That Plaintiff's demand for accounting for monies due and owing to him under the contract entered into between the parties dated October 2, 1968, be and the same is hereby denied.
"2. That Plaintiff's demand for accounting for monies owing to him under the contract entered into between Plaintiff and ALY HANDBAGS, INC. dated September 1, 1970, be and the same is hereby granted. Said accounting shall be for the period September 1, 1970 to the date of Plaintiff's termination on February 16, 1973. The scope of said accounting shall be limited to the following:
"a) Commissions due and unpaid to Plaintiff on all net sales made, shipped and/or distributed by ALY HANDBAGS, INC. on orders made by the Plaintiff prior to his termination by Defendant on February 16, 1973, and on all reorders on such sales or orders, even though the shipments thereof were not made until after the termination of Plaintiff's services.
"b) Any 3% override commissions due to IRA ROSENFELD on orders shipped prior to the termination of services on February 16, 1973.
"c) Plaintiff shall further have the right to inspect the books and records of ALY HANDBAGS, INC., concerning commissions due, if any, on cash sales and house accounts, as reflected in the books and records of ALY HANDBAGS, INC.
"3. Plaintiff shall further have the right to an accounting as to all monies deposited and withdrawn from the joint bank account maintained in the names of Plaintiff and ALBERTO LLODRA at the First National Bank of Hialeah and bearing Account No. XXX-XXX-X, as reflected by the records of said joint bank account."
* * * * * *
Defendants Aly Handbags and Alberto Llodra appeal, and plaintiff Ira Rosenfeld cross-appeals from this order.
Defendants contend the court erred in extending the scope of accounting to include cash sales and house accounts for the primary reason that the parties four-year course of dealing settled that plaintiff was not entitled to receive commissions on cash *126 sales and house accounts because plaintiff did not continually demand commissions on them. We cannot agree.
First, the record demonstrates that on more than one occasion plaintiff complained to Llodra that he was not receiving commissions on house accounts and cash sales.
Second, it is a fundamental principle of law that modification of a contract cannot be made by one party to the contract without the assent of the other party. Wilson v. Odom, Fla.App. 1968, 215 So.2d 37, 39. The undisputed evidence reflects that defendants never made available to plaintiff any invoices as to the cash sales (on many of which no invoices were drawn up) and house accounts. The defendants having concealed this information, it cannot be said that there existed a course of dealing between the parties with respect to payment of commissions on the sales and accounts. Thus, there was no assent on the part of plaintiff to give up these commissions.
We next considered defendants' second point on appeal that the court erred in extending the scope of accounting back to September 1, 1970 and find it to be lacking in merit.
On cross-appeal plaintiff first urges as error the court's denying an accounting under the 1968 contract.
The well established rule of law is that a contract may be discharged or extinguished by merger into a later contract entered into between the parties in respect to the same subject which replaces the original contract. 7 Fla.Jur. Contracts § 166 (1956). We hold that upon the execution of the September 1, 1970 contract between the parties, the contract of October 2, 1968 merged into this later contract and thereby was extinguished.
Plaintiff further alleges that the court erred in extending the accounting only up to February 16, 1973 and, therefore, he will be precluded from commissions on orders placed prior to his termination but shipped thereafter.
A careful reading of paragraph 2(a) of the accounting order demonstrates this contention to be without merit.
Plaintiff having failed to make reversible error appear in his remaining points on cross-appeal, the order of accounting is affirmed.
Affirmed.