421 So.2d 10 (1982)
Donald W. McINTOSH, Frances M. Farina, Robert W. Geyer, S. Nash, Edith Friedman and Herbert Spahn, and Other Persons Similarly Situated, Appellants,
v.
HARBOUR CLUB VILLAS CONDOMINIUM ASSOCIATION, Shores Condominium Association, Inc., Quayside Associates, Ltd., Rollnick, Squitero & Katz, P.A., and Williams, Salomon, Kanner, Damian, Weissler & Brooks, Appellees.
No. 81-2298.
District Court of Appeal of Florida, Third District.
September 28, 1982.
Rehearing Denied November 16, 1982.
Ress, Gomez, Rosenberg & Howland and Sheldon Rosenberg, North Miami, for appellants.
Lapidus & Stettin and Richard Lapidus, Miami, for appellees.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The plaintiffs appeal from the dismissal of their complaint on the basis that the agreement from which the plaintiffs' cause of action arose was champertous. We reverse.
The Metropolitan Dade County Commission (Commission) authorized zoning variances in favor of Quayside, a real estate project. Two condominium associations, the Villas and the Shores, as well as the plaintiffs, who were individuals residing within 500 feet of Quayside, or within the nearby geographic area, joined together to fight the zoning variance. Representatives of these groups met with the law firm of *11 Williams, Salomon, Kanner, Damian, Weissler & Brooks to commence legal proceedings for the purpose of appealing and having declared void the decision of the Commission.
Their attorney appeared before the Commission and ultimately filed appeals with the circuit court and this court. These suits were instituted solely in the name of the Villas and the Shores with none of the individual residents named as plaintiffs. Prior to the determination of the appeal by this court, the Villas and the Shores independently settled with Quayside. The Villas' settlement was in the amount of $3,000,000. Quayside agreed to indemnify the Villas from any and all claims by persons not members of the Villas, who had contributed to the legal fees incurred in prosecuting the action and who might claim that the Villas should not have settled. The settlements resulted in the dismissal of the appeal and foreclosed any possibility that the individual appellants could obtain zoning relief.
Plaintiffs thereafter filed a seven-count complaint[1] against the Villas, Shores, Quayside, and the lawyers. The defendants filed a motion to dismiss alleging that the complaint demonstrated a champertous agreement between the parties in that it failed to allege the plaintiffs' standing to join in the litigation challenging the zoning variance. The motion to dismiss was granted, but the court allowed leave to amend. Several plaintiffs amended but the appellants failed to do so.[2] The trial judge entered a final order of dismissal against those plaintiffs, the appellants herein, who did not file a second amended complaint.
Champerty is an agreement wherein a person without interest in another's suit undertakes to carry it on at his own expense, in whole or in part, in consideration of receiving a part of the proceeds of the litigation. 9 Fla.Jur.2d Champerty and Maintenance § 1 (1979). The trial court dismissed the complaint because it found that appellants' failure to allege their standing to appeal the Commission's rezoning determination precluded them from having an interest in the litigation. We disagree.
We adopt the definition of interest sufficient to avoid a champertous agreement, which has been stated as follows:
Where a person promoting the suit of another has any interest whatever, legal or equitable, in the thing demanded, distinct from that which he may acquire by an agreement with the suitor, he is in effect also a suitor according to the nature and extent of his interest. It is accordingly a principle that any interest whatever in the subject matter of the suit is sufficient to exempt a party giving aid to the suitor from the charge of illegal maintenance. Whether this interest is great or small, vested or contingent, certain or uncertain, it affords a just reason to the party who has such an interest to participate in the suit of another.
14 C.J.S. Champerty and Maintenance § 26 (1939). See also 14 Am.Jur.2d Champerty and Maintenance § 9 (1964). Clearly, then, the interest in litigation necessary to avoid a champertous agreement is not synonymous with and need not be as great as that required to satisfy standing requirements.
Appellants alleged in their complaint that they would "suffer adverse consequences by way of a drain upon local services as well as an increase in existing traffic problems and diminution of their real property values." From these allegations, we conclude that appellants had an interest in the appeal; they were not strangers or intermeddlers. See Harry Pepper & Associates, Inc. v. Lasseter, *12 247 So.2d 736 (Fla. 3d DCA), cert. denied, 252 So.2d 797 (Fla. 1971). Consequently, it was error for the trial court to dismiss the complaint where the agreement on its face was not champertous. 14 C.J.S. Champerty and Maintenance § 49 (1939).[3]
Because the trial judge dismissed the complaint on the basis of champerty, we decline to now determine if the complaint otherwise stated a cause of action. The appellants have demonstrated an ability to state a cause of action on one or more theories alleged, sufficient to preclude a final judgment of dismissal at this stage.
Accordingly, we reverse and remand with directions to reinstate the complaint.
NOTES
[1] The complaint sought relief on the following bases:

(1) breach of contract; (2) quasi-contract; (3) joint venture; (4) unjust enrichment and constructive trust; (5) tortious interference with contract; (6) third-party beneficiary; and (7) declaratory judgment.
[2] Those appellants sought review in this court. However, the appellees' motion to dismiss the appeal was granted on the basis that the order was not final. A petition for common law certiorari was also denied.
[3] If there are factual questions as to the interest of any of the appellants, this must be resolved by the trier of fact. 14 C.J.S. Champerty and Maintenance § 49.60 (1939).