HURLEY, Judge.
The trial court applied the rule from the Harry Pepper case and dismissed the plaintiff’s complaint with prejudice. We hold that the rule in Harry Pepper is inapposite to the case at bar and, consequently, we reverse.
Harry Pepper and Associates, Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971), announced the rule that if
[tjhere is an inconsistency between the general allegations of material facts in the ... complaint and the specific facts revealed by the exhibit ... [attached or referred to in the complaint] ... they have the effect of neutralizing each other, thus rendering the pleading objectionable.
Id., at 736-37. The plaintiffs, Mr. and Mrs. Levenson, filed a two count complaint alleging fraud and misrepresentation. Essentially, they claimed that the defendant, who was the developer of a project known as Banyan Springs, made certain fraudulent misrepresentations in the course of selling a residential unit. A copy of the purchase agreement, signed by the Levensons and a representative of Brightside, Ltd., was attached as an exhibit to the complaint. The first page contains the following statement, set forth in bold print:
ORAL REPRESENTATIONS CANNOT BE RELIED UPON AS CORRECTLY STATING THE REPRESENTATIONS OF THE DEVELOPER. FOR CORRECT REPRESENTATIONS, REFERENCE SHOULD BE MADE TO THIS CONTRACT AND THE DOCUMENTS FURNISHED BY A DEVELOPER TO PURCHASER.
On the basis of the above clause, and relying on Harry Pepper, the trial court dismissed the complaint with prejudice. We respectfully disagree.
In our view, Harry Pepper does not apply to the case at bar. First, the contract which was attached as an exhibit to the complaint merely substantiated the complaint’s allegations about the relationship between the parties. It did not establish as a factual certainty that there was no fraud in the inducement. In other words, this is not an action upon a contract in which the complaint alleges facts contrary to those contained in the contract. Rather plaintiffs alleged that the defendant tortiously and fraudulently induced them to sign the contract. Therefore, the language of the contract itself cannot be scrutinized to determine whether the contract was made as the result of fraud.
Accordingly, the order of dismissal is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DELL, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.