## VELAZQUEZ v AETNA CASUALTY & SURETY CO.

Case No. 89-261 AP (County Court Case No. 88-15957 SP 05)

Eleventh Judicial Circuit, Dade County

February 7, 1990

### APPEARANCES OF COUNSEL

**David L. Magidson,** Abramson & Magidson, P.A., for appellant.

**Douglas H. Stein,** Blackwell Walker Fascell & Hoehl, for appellee.

Before FULLER, ESQUIROZ, ROBINSON, JJ.

### OPINION OF THE COURT

PER CURIAM.

The appellant, plaintiff below, filed a claim directly against the appellee insurer seeking payment of medical benefits under the "Med-Pay" provisions of an insurance policy covering the premises in which appellant was allegedly injured. The appellee insurer moved to dismiss the appellant's claim on the basis that Florida Statutes § 627.7262 (1987) bars the appellant from bringing a direct action against an insurer for benefits prior to obtaining a judgment against the insured.

The trial judge granted appellee's motion and dismissed appellant's claim, ultimately with prejudice.

The appellee insurer concedes that the provisions of the statute are not applicable to the appellant's claim inasmuch as medical payment coverage provides first-party benefits to persons injured on the insured's premises, and that therefore appellant may bring a claim directly against the insurer. Instead, the appellee contends that we should affirm the trial court's order of dismissal, entered with prejudice, on the separate and different ground that the allegations of appellant's claims are inconsistent with and negated by the very terms of the insurance contract, citing to *Harry Pepper & Associates, Inc. v Lasseter*, 247 So.2d 736 (Fla. 3d DCA 1971). We reject this latter argument. Instead, we agree with appellee's concession and hold that the provisions of Florida Statutes § 627.7262 (1987) are inapplicable to appellant's claim. We therefore reverse the trial court's order granting appellee's motion to dismiss with prejudice, and remand the case to the lower court for further proceedings consistent with this opinion.

REVERSED and REMANDED.