561 So.2d 1360 (1990)
INSURANCE COMPANY OF NORTH AMERICA, Etc., Appellant,
v.
POSEIDON MARITIME SERVICES, INC., Appellee.
No. 89-405.
District Court of Appeal of Florida, Third District.
June 12, 1990.
*1361 Lanza, O'Connor, Armstrong, Sinclair & Tunstall, Coral Gables, Rhea P. Grossman, Miami, for appellant.
Mitchell, Harris, Horr & Associates and Walter G. Latimer, Miami, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Insurance Company of North America ("INA") appeals an order dismissing with prejudice its action for contribution against appellee Poseidon Maritime Services, Inc. We affirm.
INA was the insurer of Peter Genovese, M.D., and Sunshine Medical Center, Inc. In 1985 Josip Srzentic brought suit against Genovese, Sunshine and Jeff Davis, an employee of Poseidon. The complaint alleged that Davis had induced Genovese to make a false physical examination report declaring Srzentic unfit for work aboard ship. The complaint made various claims for damages for intentional torts. It also asserted medical negligence against Genovese and Sunshine Medical Center, and a claim for "negligence per se" against the defendants under section 448.045, Florida Statutes (1983). INA paid $100,000 in settlement and Srzentic executed releases in favor of all defendants.
In 1988 INA, as subrogee of Genovese, brought suit for contribution against Poseidon, as employer of Jeff Davis. INA concedes that contribution may not be had for intentional wrongdoing, see § 768.31(2)(c), Fla. Stat. (1987), but alleged in the contribution complaint that the amount paid in settlement was for negligence. INA annexed to its complaint the 1985 Srzentic complaint as well as the Srzentic general release and orders of dismissal of the 1985 litigation.
The trial court concluded that INA's amended complaint failed to state a cause of action and we agree. The documents attached to the contribution complaint were properly considered "a part thereof for all purposes," Fla.R.Civ.P. 1.130(b), and the trial court properly relied on those documents in ruling on the motion to dismiss. See Harry Pepper & Associates, Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA), cert. denied, 252 So.2d 797 (Fla. 1971). Assuming arguendo that the settlement was properly attributable to the claim for medical negligence, the conduct attributed to Davis is within the statutory exclusion: "There is no right of contribution in favor of any tortfeasor who has intentionally (willfully or wantonly) caused or contributed to the injury or wrongful death." § 768.31(2)(c), Fla. Stat. (1987). The same logic would also apply to the claim under section 448.045, Florida Statutes.[*]
Affirmed.
NOTES
[*] For present purposes we assume arguendo that a right of action exists under that statute. But see Fischer v. Metcalf, 543 So.2d 785 (Fla. 3d DCA 1989) (on rehearing en banc) (no private right of action under chapter 827, Florida Statutes, for violation of statutory duty to report alleged child abuse). If a private right of action is available under the statute, then it would more properly be classified as an intentional tort rather than, as the plaintiff did here, negligence.