566 So.2d 524 (1990)
FRANZ TRACTOR COMPANY, Appellant,
v.
J.I. CASE COMPANY, Appellee.
No. 89-02305.
District Court of Appeal of Florida, Second District.
July 6, 1990.
Rehearing Denied September 13, 1990.
*525 Stanley H. Eleff and Richard M. Hanchett of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
W. Gray Dunlap, Jr. and Judith W. Simmons of Foley & Lardner & Hill, Tampa, for appellee.
THREADGILL, Acting Chief Judge.
Franz Tractor Company (Franz) was a dealer of agricultural equipment manufactured by J.I. Case Company (Case). Franz appeals the dismissal of its complaint against Case which alleged a cause of action for wrongful termination of the 1978 equipment dealer contract. We affirm.
The complaint alleges both a cause of action under section 686.413(3)(c)1[1], Florida Statutes (1984), for wrongful termination of a tractor or farm equipment contract, and a common law action for breach of contract by wrongful termination. Although section 686.413(3)(c)1, was not in effect at the time Franz and Case entered into the dealer contract, Franz contends that a 1988 modification of the dealer contract brings the dealer contract within the ambit of the statute. We disagree because we find that the modification supplemented rather than replaced the dealer contract whose terms, which include the law existing at the time the contract was made, remain in effect. We therefore affirm the dismissal of the complaint for failure to state a cause of action under section 686.413(3)(c)1. We affirm the dismissal of the cause of action for breach of contract by wrongful termination because termination was authorized by the dealer contract.
Franz's argument that section 686.413(3)(c)1 applies to the dealer contract is based upon the erroneous premise that the contract was merged into and replaced by the modification. Although a contract may be merged into and extinguished by a later contract concerning the same subject matter, Aly Handbags, Inc. v. Rosenfeld, 334 So.2d 124 (Fla. 1976), this is not true if the new contract embraces a different subject matter without fully covering the terms of the original. See 17A C.J.S. Contracts § 382 (1963 & Supp. 1990). It is also essential that the parties intended a merger. Id.; see Meyer v. Roesel, 482 So.2d 444 (Fla. 2d DCA 1986) (terms of original agreement which are not abrogated by subsequent agreement remain in force).
First, we observe that the modification was different from and incidental to the dealer contract. Whereas the modification dealt with access to Case's computer information system, the dealer contract dealt with the sale of equipment that Case manufactured, the purpose for which the parties contracted.
Second, references to the dealer contract in the modification indicate that the dealer contract was intended to remain distinct. The modification includes a section entitled "Relationship to Dealer Agreement." This title alone implies the existence of two separate agreements, rather than one merged agreement. The modification contains no other reference to the dealer contract. In addition, the section expressly provides that the modification is to be a "supplement" to the dealer contract. Franz calls our attention, on the other hand, to language *526 in the section that the dealer contract be incorporated into and made a part of the modification. To reconcile this language with the express intent of the parties to treat the modification as a supplement, we must construe it as a restatement of the terms of the dealer contract and not as a merger.
All terms of an original contract not abrogated by a modification remain in effect. 17A C.J.S. Contracts § 379 (1963 & Supp. 1990). The law existing at the time and place of making a contract forms part of the contract as if it had been incorporated into it. Department of Insurance v. Teachers Insurance Company, 404 So.2d 735 (Fla. 1981). As the modification did not expressly bring the termination provisions of the dealer contract within the ambit of later enacted section 646.413(3)(c)1, the original termination provisions applied, and the trial court correctly dismissed the statutory cause of action with prejudice.
As to the second count of the complaint, Franz did not state a cause of action for breach of contract by wrongful termination because the dealer contract, attached as an exhibit to the complaint, negated the claim. Any exhibit attached to a pleading is part of the pleading for all purposes, and if an attached document negates a pleader's cause of action, the plain language of the document will control and may be the basis for a motion to dismiss. Striton Properties, Inc. v. City of Jacksonville Beach, 533 So.2d 1174 (Fla. 1st DCA 1988). Although the complaint alleged that the dealer contract permits termination only for a material breach of its terms, the dealer contract contradicts this allegation by providing for termination for any reason upon ninety days notice. Case complied with these terms. We, therefore, affirm the dismissal of the common law action for breach of contract.
Affirmed.
PARKER and ALTENBERND, JJ., concur.
NOTES
[1] Section 686.413(3)(c)1, Fla. Stat. (1984): (3) It is deemed a violation of this section for a manufacturer, factory branch or division, distributor, distributor branch or division, wholesaler, or wholesale branch or division, or officer, agent, or other representative thereof: ... (c)1. To terminate or cancel the franchise or selling agreement of any tractor or farm equipment dealer without due cause, as defined in subparagraph 2. The non-renewal of a franchise or selling agreement, without due cause, constitutes an unfair termination or cancellation, regardless of the specified time period of such franchise or selling agreement... .