PER CURIAM.
Southeast Medical Products (SMP) appeals the dismissal of its claim against a former employee for breach of a covenant not to compete. Because the addendum to the employment agreement refuted SMP’s allegations in the complaint, the trial court properly dismissed the claim and we affirm.
Count four of the complaint alleged a violation of the employment agreement’s covenant not to compete. SMP attached the employment agreement and addendum to the complaint. Pursuant to a defense motion, the trial court dismissed count four with prejudice for failure to state a cause of action on the ground that the covenant not to compete had expired pursuant to the terms of the addendum.
When ruling on a motion to dismiss, the trial court must read all allegations of the complaint as true. However, “[a]ny exhibit attached to a pleading is part of the pleading for all purposes, and if an attached document negates a pleader’s cause of action, the plain language of the document will control and may be the basis for a motion to dismiss.” Franz Tractor Co. v. J.I. Case Co., 566 So.2d 524, 526 (Fla. 2d DCA 1990).
Here, the addendum to the employment agreement, dated August 1989, states that the covenant not to compete was in effect “for a period of two (2) years effective the date of this addendum.” We agree with the trial court that the addendum is not ambiguous, and by its plain meaning the covenant expired in 1991. Thus, SMP’s allegation that Williams entered into competition with it in 1997 did not state a cause of action for breach of the covenant,
Affirmed,
BLUE, A.C.J., and FULMER and CASANUEVA, JJ., concur.