763 So.2d 409 (2000)
John D. McKEY, Jr., and Candace McKey, Appellants,
v.
D.R. GOLDENSON & CO., INC., Appellee.
No. 2D99-2706.
District Court of Appeal of Florida, Second District.
May 24, 2000.
*410 Robert D. Gatton and H. Scott Dulaney of Broad & Cassel, Orlando, for Appellants.
Marie Tomassi and Stanley H. Eleff of Trenam, Kemker, Scharft, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, for Appellee.
PER CURIAM.
Appellants, husband and wife, filed an amended complaint asserting various causes of action in twenty-three counts against several individuals and business entities. Attached to the complaint were the required documents allegedly supporting the action. Appellee was named only in Count XXIII that alleged appellee had breached a contract to provide a letter of credit in favor of appellants. Appellee moved to dismiss Count XXIII on the basis that the attachments to the complaint were repugnant to the allegations in the complaint and showed on their face that appellants had no cause of action against it. The trial court granted appellee's motion and dismissed Count XXIII with prejudice. See Fla. R.App. P. 9.110(k). We affirm in part and reverse in part.
We review this case on a de novo standard because dismissal for failure to state a cause of action is a question of law. See W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297 (Fla. 1st DCA 1999). Because we review an order dismissing one count of a multi-count complaint, we are limited to determining whether Count XXIII states a cause of action. See Landrum v. John Doe Pit Digger, 696 So.2d 926 (Fla. 2d DCA 1997). We also review the exhibits to the complaint because they are considered part of the complaint when ruling on a motion to dismiss. See Southeast Med. Prods., Inc. v. Williams, 718 So.2d 306 (Fla. 2d DCA 1998). If an attached document to a complaint negates the pleader's cause of action, then dismissing the complaint is appropriate. See Shelton v. Eisemann, 75 Fla. 644, 79 So. 75 (1918); Franz Tractor Co. v. J.I. Case Co., 566 So.2d 524 (Fla. 2d DCA 1990).
Keeping all these principles in mind, we find that the trial court correctly dismissed Count XXIII as to Candace McKey. We, therefore, affirm the final judgment as to her. However, we also find that dismissal is premature as to John D. McKey, Jr., because appellee has not conclusively shown that the attached documents are repugnant to the allegations in Count XXIII insofar as Mr. McKey's status as individual or agent is concerned. We therefore reverse the final judgment of dismissal as it relates to him. This remaining question might be disposed of later on a proper motion; however, we cannot dispose of it at this juncture.
Affirmed in part, reversed in part, and remanded for further proceedings.
PARKER, A.C.J., and CASANUEVA and STRINGER, JJ., Concur.