478 So.2d 504 (1985)
Julius KOPLOWITZ, Audrey Koplowitz, His Wife; Sheldon Lending and Frances Lending, His Wife, Appellants,
v.
IMPERIAL TOWERS CONDOMINIUM, INC., a Florida Not-for-Profit Corporation, Appellee.
No. 84-2599.
District Court of Appeal of Florida, Fourth District.
November 20, 1985.
Rehearing Denied December 4, 1985.
*505 Mark Perlman of Perlman & Perlow, P.A., Hallandale, for appellants.
Julian R. Benjamin of Therrel, Baisden, Stanton, Wood & Setlin, Miami Beach, for appellee.
HURLEY, Judge.
This appeal challenges an amendment to a condominium association's rental rule. The trial court found that the rule had been amended validly. We respectfully disagree and reverse.
Article X of the declaration of condominium for the Imperial Towers Condominium is captioned, "Use Restrictions." Subsection (f) of this article states, "Reasonable regulations concerning the use of the Condominium property may be made and amended from time to time by the Board of Directors of the Association as provided by its Articles of Incorporation and By-Laws." (Emphasis supplied.) In turn, Article III, subsection 2(e) of the articles of incorporation provides that
[t]he Association shall have all the powers reasonably necessary to implement the purposes of the Association, including but not limited to: To make and amend reasonable regulations respecting the use of the property in the condominium provided, however, that all such regulations and amendments thereto shall be approved by not less than 75% of the votes of the entire membership of the Association before such shall become effective. [Emphasis supplied.]
An existing condominium rule permitted unit owners to rent their apartments "once in a 12 month period ... for a period of no less than 3 months." A majority of the board of directors voted to amend this rule by restricting unit rentals to "once every two years for no less than (3) three months, nor more than (1) one year." As required by the articles of incorporation, the board submitted the proposed amendment to a vote by all unit owners. The result was 136 in favor, 104 opposed.
Despite the fact that the proposed amendment did not receive approval by seventy-five percent of the entire membership of the association, the board took the position that it possessed inherent authority to amend the rental rule. It apparently considered the 136-to-104 vote to be merely advisory. Thus, the board denied two rental applications because the unit owners had rented previously and the new rentals would be violative of the amended rule. The aggrieved unit owners then instituted suit for declaratory relief and money damages. The trial court ruled for the association and its board of directors. The court found that Article XIII of the declaration of condominium, which governs sales and leasing of units and empowers the board to approve prospective lessees, impliedly allowed the board to enact and amend rental rules without the concurrence of seventy-five percent of the unit owners. We respectfully disagree.
The declaration of condominium and the association's articles of incorporation are interrelated documents. See § 718.104(4)(j), Fla. Stat. (1983). They are component parts of "the condominium's `constitution,'" Schmidt v. Sherrill, 442 So.2d 963, 965 (Fla. 4th DCA 1983), and are susceptible to basic rules of interpretation. "Whether they appear in a statute or in a declaration of condominium, words of common usage should be construed in their plain and ordinary sense." Ibid. Applying this rubric to the documents in question, we hold that the phrase "use of the property," which appears in subsection 2(e) of article III of the articles of incorporation, encompasses condominium rentals. The usual rental agreement permits nonmembers of the association to reside in a unit for a specified period as a result of compensation paid to the owner. Plainly, this is a "use of the property."
In Beachwood Villas Condominium v. Poor, 448 So.2d 1143, 1144 (Fla. 4th DCA 1984), we held that "[w]hen a court is called upon to assess the validity of a rule *506 enacted by a board of directors, it first determines whether the board acted within its scope of authority... ." The test was formulated in this fashion: "provided that a board-enacted rule does not contravene either an express provision of the declaration or a right reasonably inferable therefrom, it will be found valid, within the scope of the board's authority." Id. at 1145; see also Lyons v. King, 397 So.2d 964 (Fla. 4th DCA 1981) (Hurley, J., dissenting). The declaration of condominium in the case at bar permits the board of directors to enact rules concerning the use of the condominium property "as provided by its Articles of Incorporation and By-Laws." The articles of incorporation, in turn, specify that a board-enacted rule concerning the use of the condominium property must receive the assent of "not less than 75% of the votes of the entire membership of the Association before such shall become effective." Since it is clear that the board's proposed amendment did not satisfy this requirement, it could not take effect. Thus, the board erred when it prevented the appellant/unit owners from renting their units solely because of the ineffective amendment to the rental rule.
Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
HERSEY, C.J., and GLICKSTEIN, J., concur.