547 So.2d 1237 (1989)
Joseph A. MARTIN and Virginia Martin, His Wife, John R. Bolte and Marian Bolte, His Wife, Geraldine Suter, Howard Virgin and Prudence Virgin, His Wife, and John R. Batchelor and Laura Batchelor, His Wife, Appellants,
v.
OCEAN REEF VILLAS ASSOCIATION, INC., a Florida Corporation, Appellee.
No. 88-769.
District Court of Appeal of Florida, Fifth District.
July 6, 1989.
Rehearing Denied August 30, 1989.
*1238 Louis Ossinsky, Jr., of Ossinsky, Krol and Hess, Daytona Beach, for appellants.
Sid C. Peterson, Jr., of DeLoach & Peterson, P.A., New Smyrna Beach, for appellee.
NORRIS, W.A., Jr., Associate Judge.
Appellants are unit owners in Ocean Reef Villas Condominium. Appellee is the management association of the condominium and the owner of the manager's apartment therein known as Unit 101.
Appellants sought a declaratory judgment to determine whether the management association could refinance the purchase money mortgage on Unit 101 without first obtaining the consent of all the unit owners. The trial court entered summary judgment determining: (1) that Unit 101 was association property and not part of the common elements of the condominium; and, (2) that the management association could, by resolution, refinance the unit. We agree and affirm.
The Declaration of Condominium provides, in part:
The Developer has ... divided into ... 48 living units numbers 101 through 112... . The remaining part ... shall be the `common property' or `common elements'.
* * * * * *
All property ... which is not within any living unit shall be deemed common property or common elements... .
* * * * * *
The common elements shall include ... all other parts not included within these units. [Emphasis added].
Paragraph 11B of the association by-laws specifically authorizes the association to pay the expenses for the operation and maintenance of a manager's apartment, including mortgage costs, which the association has been doing. It is undisputed that Unit 101 is a living unit, title to which is, and has been, vested in the association, subject to a purchase money mortgage. Thus, Unit 101 is clearly not a part of the common elements of the association.
Section 718.111(9), Florida Statutes, authorizes an association to purchase units within the condominium and to mortgage them unless prohibited in either the declaration, articles of incorporation or by-laws. No such restriction applies to Ocean Reef Condominium; in fact, Article III of the articles of incorporation tracks the language of the statute.
We can find no authority, nor do appellants provide any, to construe the word "mortgage" to mean only a purchase money mortgage. In construing a statute or a declaration of condominium, words of common usage should be construed in their plain and ordinary sense. Koplowitz v. Imperial Towers Condominium, Inc., 478 So.2d 504 (Fla. 4th DCA 1985).
Since the management association here was specifically authorized to purchase, hold, and mortgage Unit 101, Towerhouse Condominium, Inc. v. Millman, 475 So.2d 674 (Fla. 1985), cited by appellants, is inapposite.
AFFIRMED.
DANIEL, C.J., and COBB, J., concur.