STEVENSON, W. MATTHEW, Associate Judge.
This is an appeal of a final summary judgment in favor of appellee, Golden Bay Manor, Inc., a Florida cooperative association, and against appellant, Thelma Buddin. We reverse.

*436
Facts

Appellee, Golden Bay Manor, Inc., is a cooperative association consisting of two buildings in Hallandale. There are eighty-seven apartments in the complex. Appellant, Thelma Buddin, has been a shareholder and proprietary lessee of Golden Bay Manor since 1961. Buddin subleased her apartment to Tillie Gerber for the period of January 1, 1985 to December 31, 1985. Pursuant to procedures established in the By-Laws, the Board of Directors approved the lease. During the term of the Gerber sublease, the Board sent out a letter stating that it had passed a modified “House Rule” at the August 12, 1985, meeting. The new House Rule No. 6 reads in part as follows:
When a shareholder receives permission of 50% plus one of the shareholders or Board of Directors, the shareholder will be allowed to rent or lease the apartment under the following conditions. Shareholder will be permitted to rent for one year in every three year period with a one year lease. No seasonal or monthly or weekly rentals will be permitted.
On October 18, 1985, the Board sent Bud-din a letter stating that the tenant had been notified that her rental would expire as of November 22, 1985. The letter also stated that the Board had voted not to approve any more rentals. The tenant vacated the premises prior to December 31, 1985, in compliance with the Board’s request. In 1987 Buddin filed her complaint, seeking a declaration that the Board’s actions were invalid. In 1987, more than two years after Gerber moved out and while the suit was pending, Buddin submitted an application to sublease her apartment for the period from February 24, 1988, to February 24, 1989. The Board denied the application and Buddin seeks a declaration of the validity of the Board’s actions in summarily' denying the February 1988 lease.
The case went before the trial court on cross motions for summary judgment. The trial court found that House Rule No. 6 was valid and that the Board’s denial of Buddin’s requested sublease of February of 1988 was reasonable. Appellant contends that House Rule No. 6 exceeds the authority granted to the Board of Directors under the Proprietary Lease and the ByLaws. Appellant also contends that the Board’s blanket refusal to approve any applications for subleasing is unreasonable. We agree with appellant.

The Cooperative Act

The cooperative form of ownership of real property is recognized in chapter 719, Florida Statutes. A “Cooperative” is a form of ownership of real property where legal title is typically vested in a corporation and beneficial use of the property is enjoyed by unit shareholders owning a lease or other muniment of title or possession granted by the association. § 719.-103(9)(a)-(c), Fla.Stat. (1989). The legal relationship between the association and the unit shareholders is governed by a number of “cooperative documents” which include the documents which create the cooperative, the articles of incorporation, the bylaws and the underlying or “proprietary lease.” § 719.103(9)(a)-(c), Fla.Stat. (1989). The unit owners as well as the association are obligated to comply with the provisions of the Cooperative Act and the cooperative documents. § 719.303, Fla.Stat. (1989).

The Cooperative Documents

The Proprietary Lease of Golden Bay Manor addresses subleasing in Article II, paragraph Fifth, which provides:
ASSIGNMENT AND SUB-LETTING: Except as in this lease otherwise provided: The Lessee shall not ... sublet the whole or any part of the said demised premises for any term to any person or persons without the consent thereto of half plus one of the stockholders or directors of the Lessor corporation....
The By-Laws provide a means for the Board to receive and review applications and mandates that a committee shall review all such applications. Paragraph Eighth of the Proprietary Lease provides that:
The Lessor shall not make or consent to any change or alteration in the terms or conditions of any lease which shall have been executed by the Lessor unless such change or alteration shall be made pursu *437 ant to the affirmative vote, taken at a meeting called for that purpose, or the written consent, or Lessees owning at least two-thirds of the number of certificates of shares.
The only record evidence of this provision being utilized is when the shareholders specifically voted in 1976 and 1980 to continue to allow subleasing.
Pursuant to Article II, Section Twelfth of the Proprietary Lease, the Board is given the power to establish house rules for the “management and control” of the buildings, but such House Rules must not be “inconsistent” with the “Charter” or the “By-Laws.” Under Article II, Section 4 of the By-Laws, the Board is given authority to pass rules to govern their meetings and the management of the company so long as the rules passed are not inconsistent with the By-Laws.

Discussion

The Proprietary Lease gives each lessee the right to sublet the demised premises after obtaining the consent of one-half plus one of the stockholders or directors of Golden Bay Manor. House Rule No. 6 purports to prohibit subleasing in two of every three years and is therefore inconsistent with the Proprietary Lease, which gives the lessees the right to sublease subject only to approval. A Board’s action which contravenes an express provision of the governing documents of a cooperative or which contravenes a right reasonably inferred therefrom is an ultra vires act and must be declared invalid. Cf. Koplowitz v. Imperial Towers Condo., Inc., 478 So.2d 504 (Fla. 4th DCA 1985); Beachwood Villas Condo., Inc. v. Poor, 448 So.2d 1143 (Fla. 4th DCA 1984).
Additionally, the Board’s authority to make rules governing the management of its meetings and the building (Article II, Section Four of the By-Laws) and its authority to establish house rules for the management and control of the buildings (Article I, section Twelfth of the Proprietary Lease) does not confer the right to prohibit subleasing, which would be tantamount to a Board-imposed use restriction on the units. Indeed, the Cooperative Act specifically provides that the By-Laws, as an option, may include restrictions on the use, maintenance and appearance of the units themselves but nowhere does the Act provide for, or recognize, use restrictions unilaterally imposed by an association’s Board of Directors. See § 719.106(2)(a), (b), Fla.Stat. (1989). The cooperative documents in the instant case provide no authority for the Board to restrict the use of the cooperative units. Nevertheless, we note that some portions of House Rule No. 6 (not specifically germane to this case) may be valid, such as its apparent regulation of the terms of subleases, providing for no seasonal, monthly, or weekly rentals.
The appellee argues that the individual shareholder desiring to sublease can seek approval of the other shareholders as provided for in the proprietary lease. However, House Rule No. 6 does not merely say that the Board will not approve any sublease more often than one year in every three; rather, the rule is an absolute restriction that the shareholder cannot rent for two of every three years, regardless of consent. Therefore, the clear language of House Rule No. 6 negates appellee’s attempt to salvage the rule by saying that it is of limited applicability. House Rule No. 6 conflicts with superior cooperative documents and in fact attempts to modify the Proprietary Lease — therefore, it must fall. Koplowitz v. Imperial Towers Condo., Inc., 478 So.2d 504 (Fla. 4th DCA 1985).
Lastly, the Board’s flat refusal even to consider for approval applications for subleasing is clearly unreasonable. Article IX of the By-Laws mandates that the Board evaluate every application by a committee of three and thereafter by the full Board. This requirement obligates the Board to consider each application individually and to withhold approval only for logical, cogent reasons consistent with the cooperative’s legitimate purposes. A similar situation was addressed in the Illinois case Logan v. 3750 North Lake Shore Drive, Inc., 17 Ill.App.3d 584, 308 N.E.2d 278 (Ill.App.Ct.1974). There, the court recognized that a cooperative must give reasonable *438 consideration to the qualifications of a proposed assignee or sublessee where the sub-lessee, by the terms of his lease, may assign or sublet only with the consent of the lessor or the shareholders. The appellee’s argument that it was cumbersome for the Board to process the applications is unavailing as this record does not show that subleasing interfered with the cooperative’s purpose or that the decision better effectuates the cooperative’s legitimate purposes, i.e., the health, happiness, and peace of mind of the individual units. See Hidden Harbor Estates v. Basso, 393 So.2d 637 (Fla. 4th DCA 1981). Rather, appel-lee’s contention merely shows it was an inconvenience for the Board. This is not sufficient.
This cause is remanded to the trial court with directions to enter summary judgment in favor of the appellant.
REVERSED AND REMANDED.
ANSTEAD and WARNER, JJ., concur.