597 So.2d 903 (1992)
MIAMI ELECTRONICS CENTER, INC., a Florida corporation, Appellant,
v.
Moises SAPORTA and Gladys Saporta d/b/a London Paris Gifts Shop, et al., Appellees.
No. 91-2118.
District Court of Appeal of Florida, Third District.
April 21, 1992.
Rehearing Denied June 9, 1992.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel D. Eaton, for appellant.
White, White & Associates, Lawrence R. Metsch, for appellees.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the plaintiff Miami Electronics Centers Inc. from an adverse *904 final judgment entered after a non-jury trial in an action for an injunction, declaratory decree, breach of contract and fraud, [together with a countersuit for declaratory decree] arising out of a dispute concerning a non-compete covenant in a management agreement entered into between the plaintiff and the defendants.[1] The trial court concluded that (1) the parties to this agreement could, by majority vote, eliminate the non-compete covenant of the agreement, thereby disentitling the plaintiff to an injunction to enforce a violation of this provision, and (2) the plaintiff had proven no damages in connection with his breach of contract and fraud claims, and, for that and other reasons not relevant here, the plaintiff could not prevail on such claims. We affirm in part and reverse in part.
First, the plaintiff concedes that the judgment entered against it on the breach of contract and fraud claims were properly entered below for failure to prove damages. Accordingly, the final judgment must be affirmed as to the trial court's rulings on these claims.
Second, the trial court erred, however, in concluding that the following provision in the management agreement empowered a majority of the parties to the agreement to cancel the non-compete provision of the agreement: "A majority vote of the unit owners shall have the power to make, alter and modify reasonable rules for the occupancy of the property." This provision clearly empowered the majority of the parties to the agreement to adopt reasonable rules governing the occupancy of the subject property, but, without doubt, did not and could not empower a majority of the parties to cancel covenants or promises made in the agreement, else the minority's contractual rights would be essentially illusory and an enforceable contract would not exist. Pick Kwik Food Stores, Inc. v. Tenser, 407 So.2d 216, 218 (Fla. 2d DCA 1981), rev. denied, 415 So.2d 1361 (Fla. 1982) ("If one party has the unrestricted right to terminate the contract at any time, that party makes no promise at all and there is not sufficient consideration for the promise of the other."); Aly Handbags, Inc. v. Rosenfeld, 334 So.2d 124, 126 (Fla. 3d DCA 1976); Tropicana Pools, Inc. v. Boysen, 296 So.2d 104, 108 (Fla. 1st DCA 1974); Wilson v. Odom, 215 So.2d 37, 39 (Fla. 1st DCA 1968). The majority's power to adopt reasonable rules governing the occupancy of the property must necessarily mean rules which are not in conflict with the covenants and promises made in the agreement. See Buddin v. Golden Bay Manor, Inc., 585 So.2d 435 (Fla. 4th DCA 1991); Parkway Gardens Condominium Ass'n, Inc. v. Kinser, 536 So.2d 1076 (Fla. 4th DCA 1988); Koplowitz v. Imperial Towers Condominium, Inc., 478 So.2d 504 (Fla. 4th DCA 1985); Tower House Condominium, Inc. v. Millman, 410 So.2d 926 (Fla. 3d DCA 1981), approved on another ground, 475 So.2d 674 (Fla. 1985); Pepe v. Whispering Sands Condominium Ass'n, Inc., 351 So.2d 755 (Fla. 2d DCA 1977).
Third, we reject the defendants' contentions that (a) the non-compete provision of the agreement was illegal and therefore unenforceable under Section 542.33, Florida Statutes (1991), and (b) the plaintiff was not entitled to an injunction because it failed to prove irreparable injury as required by Section 542.33, Florida Statutes (1991). The defendants did not plead illegality as an affirmative defense, and the issue was not tried below by consent; accordingly, the defendants have waived this defense. Fla.R.Civ.P. 1.110(d), 1.140(h), 1.190(b); see, e.g., National Aircraft Servs., Inc. v. Aeroserv Int'l, Inc., 544 So.2d 1063 (Fla. 3d DCA 1989); Bilow v. Benoit, 519 So.2d 1114 (Fla. 1st DCA 1988); American Enviro-Port, Inc. v. Williams, 489 So.2d 839 (Fla. 1st DCA 1986); Agudo, Pineiro & Kates, P.A. v. Harbert Constr. Co., 476 So.2d 1311, 1314-15 (Fla. 3d DCA 1985), rev. denied, 486 So.2d 596 (Fla. 1986); Venditti-Siravo, Inc. v. City of Hollywood, *905 Fla., 418 So.2d 1251, 1254 (Fla. 4th DCA 1982); Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA), rev. denied, 392 So.2d 1373 (Fla. 1980); Jorge v. Rosen, 208 So.2d 644, 647 (Fla. 3d DCA 1968). In any event, the non-compete covenant was entirely lawful. Janet Realty Corp. v. Hoffman's Inc., 154 Fla. 144, 148, 17 So.2d 114, 116 (1943) ("Contracts ... having as their objectives the removal of a rival competitor in a business are not to be regarded as contracts in restraint of trade, because they do not close the field of competition but affect only the parties to the agreement."); Norwood Shopping Center, Inc. v. MKR Corp., 135 So.2d 448, 449 (Fla. 3d DCA 1961) ("a covenant or agreement by a lessor not to lease the retained property for the purpose of conducting a business in competition with the lessees is legal and valid"). Moreover, there is ample evidence adduced below that the plaintiff suffered an irreparable injury for which monetary damages were entirely inadequate; the failure of the plaintiff at trial to prove exact monetary damages caused by the violation of the non-compete covenant did not, as urged, establish that the plaintiff was not irreparably injured, but, to the contrary, tended to establish just the opposite. Air Ambulance Network, Inc. v. Floribus, 511 So.2d 702, 702-03 (Fla. 3d DCA 1987), rev. denied, 520 So.2d 584 (Fla. 1988); Puga v. Suave Shoe Corp., 374 So.2d 552 (Fla.3d DCA 1979).
The final judgment under review is affirmed as to the entry of judgment for the defendants on the plaintiff's breach of contract and fraud claims. The final judgment under review is reversed as to entry of judgment for the defendants on the plaintiff's injunctive and declaratory relief claims and on the defendants' counterclaims  and the cause is remanded to the trial court with directions to (1) grant the injunctive relief prayed for in Count I of the plaintiff's amended complaint; (2) grant the declaratory relief prayed for in Count II of the plaintiff's amended complaint; and (3) deny the declaratory relief prayed for in the defendants' counter-claims.
Affirmed in part; reversed in part and remanded.
NOTES
[1] Moises Saporta and Gladys Saporta, d/b/a London Paris Gifts Shop; Oscar White; Jose Abut and Jeanette Abut; Salomon Worthalter and Minnie Worthalter; and all individual entities, sub-lessees, or sub-lessors within, under and through an entity known as "White Building Management" or White Building Management Association.