72 So.3d 184 (2011)
JUPITER MEDICAL CENTER, INC., Appellant,
v.
VISITING NURSE ASSOCIATION OF FLORIDA, INC., Appellee.
No. 4D10-1803.
District Court of Appeal of Florida, Fourth District.
September 14, 2011.
Rehearing Denied November 10, 2011.
*185 Michael G. Austin and Matthew D. Grosack of McDermott Will & Emery LLP, Miami, for appellant.
David B. Earle of Ross Earle & Bonan, P.A., Stuart, for appellee.
THORNTON, JOHN W., JR., Associate Judge.
Appellant brought the action below to vacate an arbitral award on the ground that it was based on an illegal contract. Appellee filed both a motion to dismiss and a motion to enforce the award. The trial court did not address the issue of the contract's legality, dismissed Appellant's action and entered an order enforcing the arbitral award. Because a Florida court cannot enforce an illegal contract, we reverse and remand for the trial court to consider the legality of the contract.
Appellee Visiting Nurse Association of Florida, Inc. ("VNA"), a home health care agency, bought community hospital Appellant Jupiter Medical Center, Inc. ("JMC")'s home health care agency business. VNA paid $639,000 to JMC based upon an agreed appraisal. VNA purchased the business pursuant to a Home Health Care Agreement, which contained a broad arbitration provision.
VNA believed that JMC was not performing its contract obligations and filed an arbitration claim for breach of contract with the American Arbitration Association. The arbitration panel found that JMC breached the contract and awarded VNA $1,251,213 in damages.
JMC filed with the arbitrators a motion to re-open, arguing that the contract, as construed by the arbitrators, violated state and federal laws prohibiting medical care providers from accepting payment in return for home care patient referrals. JMC's motion to re-open the arbitration was denied. JMC then filed a petition with the United States District Court for the Southern District of Florida seeking to vacate the award. The court dismissed the petition for lack of subject matter jurisdiction. JMC then filed the motion to vacate with the Palm Beach County Circuit Court. In response, VNA filed a motion to dismiss and a motion to enforce the arbitration award.
The trial court refused to reach the question of whether the contract was legal. The court denied JMC's motion to vacate and entered final judgment on the arbitration award in favor of VNA. JMC appeals.
The sole issue before this court is whether the trial court erred in not considering the contract's legality before ordering enforcement of the arbitral award. JMC argues that Florida courts should not enforce an arbitrator's award based on an illegal contract and therefore the trial court erred in refusing to consider the issue. We agree.
*186 The standard of review in this case, based on the trial court's decision not to consider the question of the contract's legality, is a decision of law which is reviewed de novo. See Bosem v. Musa Holdings, Inc., 46 So.3d 42, 44 (Fla.2010).
Illegality is a compelling reason not to enforce a contract. See Title & Trust Co. of Fla. v. Parker, 468 So.2d 520, 524 (Fla. 1st DCA 1985) (holding that where a "contract contains a clause that is illegal, a court ought not to enforce the illegal term, as a contract cannot give validity to an otherwise illegal act").
Florida cases indicate a broad refusal to aid the enforcement of illegal contracts.
The principle that courts will not enforce illegal contracts is well established.... [T]here can be no legal remedy for that which is itself illegal. Indeed, there rests upon the courts the affirmative duty of refusing to sustain that which by the valid laws of the state, statutory or organic, has been declared repugnant to public policy. To do otherwise would be for the law to aid in its own undoing.
Gonzalez v. Trujillo, 179 So.2d 896, 897-98 (Fla. 3d DCA 1965) (citations omitted); see also Harris v. Gonzalez, 789 So.2d 405, 409 (Fla. 4th DCA 2001) (where a contract is void as violative of Florida law, it "confers no enforceable rights on appellants based upon it"); Schaal v. Race, 135 So.2d 252, 256 (Fla. 2d DCA 1961) ("`[W]hen a contract or agreement, express or implied, is tainted with the vice of such illegality, no alleged right founded upon the contract or agreement can be enforced in a court of justice.'" (quoting Local No. 234, etc. v. Henley & Beckwith, Inc., 66 So.2d 818, 821 (Fla.1953))).
VNA attempts to distinguish this case because the parties had gone through arbitration. VNA contends that section 682.13(1), Florida Statutes (2009) provides a list of five circumstances under which a court will vacate an arbitral award. See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla.1989). The list does not include illegality. VNA argues that the trial court therefore lacked the authority to vacate the award.
While it is clear that section 682.13(1) does not include illegality, the issue as to whether a court will enforce an arbitral award on a contract that is allegedly illegal should be treated no differently. The arbitral award was based on the breach of a contract. If the contract is found to be illegal, a prior arbitration will not prevent the trial court from vacating the award. See Party Yards, Inc. v. Templeton, 751 So.2d 121, 123 (Fla. 5th DCA 2000) ("A claim that a contract is illegal and, as in this case, criminal in nature, is not a matter which can be determined by an arbitrator. An arbitrator cannot order a party to perform an illegal act.") (citing Hill v. Norfolk & W.Ry. Co., 814 F.2d 1192, 1195 (7th Cir.1987)); I.U.B.A.C. Local Union No. 31 v. Anastasi Bros. Corp., 600 F.Supp. 92, 94, 95 (S.D.Fla.1984) ("[A] court may not enforce a contract that is illegal or contrary to public policy.... [T]he legality of the contract clause at issue here must be determined before the arbitration award can be enforced.").
VNA also argues that JMC waived the defense of illegality. Miami Elecs. Ctr., Inc. v. Saporta, 597 So.2d 903, 904 (Fla. 3d DCA 1992) ("The defendants did not plead illegality as an affirmative defense, and the issue was not tried below by consent; accordingly, the defendants have waived this defense."). We disagree. The issue was initially raised with the arbitration panel, though not until after the award was entered. It was raised in federal court, but not decided, because of the dismissal for lack of jurisdiction. And it was raised and argued, though not decided, *187 in the trial court below. JMC did not waive the defense.
When the issue of a contract's legality is raised, the trial court must make that determination prior to deciding whether to enforce an arbitral award based thereon. Consequently, we reverse and remand for proceedings consistent with this opinion.
Reversed and Remanded.
CIKLIN and LEVINE, JJ., concur.