DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD G. LENZI,**
Appellant,

v.

**THE REGENCY TOWER ASSOCIATION, INC.,**
Appellee.

No. 4D17-2507

[June 20, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE 17-006833.

Louis Arslanian, Hollywood, for appellant.

Josef M. Fiala of Vernis & Bowling of Palm Beach, P.A., North Palm Beach, and Jeffrey Green of Kaye Bender Rembaum, P.L., Pompano Beach, for appellee.

FORST, J.

Appellant Ronald Lenzi appeals the trial court's final judgment in favor of appellee The Regency Tower Association, Inc. ("the Association"). Appellant argues that the trial court misinterpreted the declaration of condominium ("the Declaration") by holding that the Declaration enabled the Board of Directors of the Association ("the Board") to unilaterally make any alterations to the common areas of the property. We reject Appellant's arguments and affirm.

## Background

Appellant owned a condominium at Regency Tower. In late 2016, the Board voted to alter the flooring in the lobby of the condominium building from Carrara marble to ceramic tile. In response, Appellant filed a petition for arbitration attempting to overturn the Board's decision. Appellant argued that because the Declaration did not include a separate provision detailing the procedure for approving "material" alterations, section 718.113(2)(a), Florida Statutes (2016) precluded the Association from unilaterally making this material alteration. Section 718.113(2)(a)

provides that if a declaration "does not specify the procedure for approval of material alterations or substantial additions, 75 percent of the total voting interests of the association must approve the alterations or additions." *Id.*

The Association disagreed and filed a motion to dismiss for failure to state a cause of action. It explained that the Declaration was not silent since Article XIX, titled "Right of Association to Alter and Improve Property and Assessment Therefor," stated that the Association had the power to make "such alterations or improvements to the COMMON PROPERTY" with merely the approval of the Board. The arbitrator agreed with the Association, and held that the phrase "such alterations or improvements" was broad and encompassed material alterations.

Seeking alternative redress, Appellant filed suit in the trial court, making the same argument that he made in the arbitration. In response, the Association filed a motion for judgment on the pleadings, again arguing that the complaint failed to state a cause of action. The trial court granted this motion, and entered final judgment in favor of the Association.

## Analysis

"A trial court's interpretation of a condominium's declaration is . . . reviewed de novo." *Courvoisier Courts, LLC v. Courvoisier Courts Condo. Ass'n, Inc.*, 105 So. 3d 579, 580 (Fla. 3d DCA 2012).

"In construing the language of a contract, courts are to be mindful that 'the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose.'" *Murley v. Wiedamann*, 25 So. 3d 27, 29 (Fla. 2d DCA 2009) (quoting *Taylor v. Taylor*, 1 So. 3d 348, 350 (Fla. 1st DCA 2009)).

Section 718.113(2)(a) states that "there shall be no material alteration or substantial additions to the common elements or to real property which is association property, except in a manner provided in the declaration as originally recorded or as amended under the procedures provided therein." *Id.* It is undisputed that the lobby is a common element of the condominium, and that replacing the flooring as proposed was a material alteration. The issue before us is whether Article XIX of the Declaration "specif[ies] [a] procedure" the Association must follow to make "material" alterations to the common property. § 718.113(2)(a), Fla. Stat. The Association argues, and the trial court held, that the term "such alterations or improvements" in the Declaration should be construed as

2

covering both ordinary and material alterations or improvements. Under this construction, only Board approval is required.

We have previously explained that, unless they are defined, "terms 'should be given their plain and unambiguous meaning as understood by the "man-on-the-street."'" *Harrington v. Citizens Prop. Ins. Corp.*, 54 So. 3d 999, 1001 (Fla. 4th DCA 2010) (quoting *State Farm Fire & Cas. Co. v. Castillo*, 829 So. 2d 242, 244 (Fla. 3d DCA 2002)). "Whether they appear in a statute or in a declaration of condominium, words of common usage should be construed in their plain and ordinary sense." *Schmidt v. Sherrill*, 442 So. 2d 963, 965 (Fla. 4th DCA 1983).

A similar issue was addressed in *Martin v. Ocean Reef Villas Association, Inc.*, 547 So. 2d 1237 (Fla. 5th DCA 1989). There, the homeowner plaintiffs requested the appellate court "to construe the word 'mortgage' to mean *only* a purchase money mortgage." *Id.* at 1238. The court refused to do so, stating "[i]n construing a statute or a declaration of condominium, words of common usage should be construed in their plain and ordinary sense." *Id.* (citing *Koplowitz v. Imperial Towers Condo., Inc.*, 478 So. 2d 504, 505 (Fla. 4th DCA 1985)). *See also Raymond James Fin. Servs., Inc. v. Phillips*, 126 So. 3d 186, 191 (Fla. 2013) (concluding "[a]s the Legislature did not add the word 'judicial' before the word 'proceeding,' limiting the term 'proceeding' to apply to only judicial proceedings construes this term in a manner contrary to the language of the statute and the Legislature's intent.").

In *Benson v. City of Madison*, 897 N.W.2d 16 (Wis. 2017), the court applied the "general-terms canon" to conclude, based on the plain meaning of the word "corporation," that "the general term 'corporation' . . . presumptively should be read to include more specific types of corporations." *Id.* at 24. The "general-terms canon" posits that "[w]ithout some indication to the contrary, general words (like all words, general or not) are to be accorded their full and fair scope [and] are not to be arbitrarily limited." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 101 (2012). "[T]he presumed point of using general words is to produce general coverage—not to leave room for courts to recognize ad hoc exceptions . . . in the end, general words are general words, and they must be given general effect." *Id.*

In the instant case, Appellant essentially asks us to "arbitrarily limit[]" the scope of the word "alterations," converting it to mean only "non-material alterations." We decline, as it is clear that "alterations" refers to all alterations, not only non-material alterations. In fact, Black's Law Dictionary, although acknowledging that "real-estate lawyers habitually

use *alteration* in reference to a lesser change," nonetheless also recognizes that the word encompasses all manner of alterations: "*any* addition or improvement of real estate is by its very nature an alteration." *Alteration*, BLACK'S LAW DICTIONARY (10th ed. 2014) (second emphasis added). If our choice in dealing with a word used in a condominium declaration is to choose between the legal parlance amongst real estate lawyers versus the generally understood definition of the term, we stand with the latter. *See Scudder v. Greenbrier C. Condo. Ass'n, Inc.*, 663 So. 2d 1362, 1367 (Fla. 4th DCA 1995) ("In construing a statute or a declaration of condominium, words of common usage should be construed in their plain and ordinary sense.").

## Conclusion

The language of Article XIX of the Declaration provides a manner for the approval of *all* alterations, material and otherwise, by Board vote. Thus, the Board could, as a matter of law, vote to alter the flooring in the lobby from marble to tile without the approval of seventy-five percent of the unit owners. We therefore affirm the trial court.

*Affirmed.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***

4