# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1751
Lower Tribunal No. 16-2954
_____

**Vice City Marina LLC,**
Appellant,

vs.

**The Four Ambassadors Master Association, Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Mauro Law, P.A., and C. Cory Mauro (Boca Raton), for appellant.

Bales Sommers & Klein, P.A., and Jason Klein, for appellees.

Before SCALES, LOBREE and BOKOR, JJ.

SCALES, J.

Vice City Marina LLC ("Developer"), the plaintiff below, appeals a July 24, 2019 final judgment entered in favor of The Four Ambassadors Master Association, Inc. and The Four Ambassadors Association, Inc.

("Associations"), the defendants below, on Developer's two-count declaratory judgment action. For the following reasons, we affirm the entry of final judgment as to count I; however, we reverse entry of final judgment as to count II and remand with directions that the claim be dismissed, because the issue was mooted during the lower court proceedings.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

*A. The Four Ambassadors Condominium*

In June 1981, the Four Ambassadors Condominium was created to convert an existing hotel – consisting of four hotel towers and a separate ballroom facility – into a residential condominium development. The developer of the condominium has changed numerous times over the last forty years, largely via a series of limited assignments of rights with respect to the ballroom facility ("Unit 5-100") only. Specifically, the limited assignments conveyed the rights as the developer of the condominium and the declarant under the Declaration of Covenants, but only insofar as the assignor's right as developer and declarant "affect, govern and apply" to Unit 5-100.[1]

---

[1] In 2005, through a prior developer, The Four Ambassadors Association, Inc. acquired title to the common elements and received an assignment of all other rights as developer and declarant for the condominium.

Until Developer received its assignment of rights in January 2016 ("January 2016 Assignment"), the *ownership* of Unit 5-100 had always been deeded to the new developer along with the limited assignment of rights for Unit 5-100. Developer did not acquire ownership of Unit 5-100 when it received the January 2016 Assignment because, in March 2009, appellee The Four Ambassadors Association, Inc. acquired title to Unit 5-100 after a prior developer lost ownership of Unit 5-100 through foreclosure proceedings.

Prior to the January 2016 Assignment, on August 19, 2013, The Four Ambassadors Association, Inc. amended the Declaration of Condominium to return Unit 5-100 to the common elements of the condominium ("August 2013 Amendment").

*B. The Instant Litigation*

After Developer acquired the January 2016 Assignment, Developer and Associations disagreed over whether, pursuant to the Declaration of Condominium and Declaration of Covenants, Developer had any right to convert Unit 5-100 into a condominium tower and/or further develop the parcel of property on which Unit 5-100 is located ("Phase Five Parcel"). On February 5, 2016, Developer filed the instant action in the Miami-Dade County Circuit Court seeking, among other things, declaratory relief

3

decreeing that: (i) Developer had the right to develop the Phase Five Parcel (count I); and (ii) the August 2013 Amendment to the Declaration of Condominium was invalid (count II).[2]

On July 24, 2019, after holding a two-day bench trial, the trial court entered final judgment in favor of Associations on both counts. Developer timely appeals this July 24, 2019 final judgment.

## II. ANALYSIS[3]

*A. Count I – Developer's Right to Develop Phase Five of the Condominium*

Count I of the complaint sought a declaration that Developer "is empowered as 'Developer' and 'Declarant' to develop Phase Five, in accordance with the terms of the Declaration of Condominium and Declaration of Covenants." The trial court determined that Developer does not have the right to develop the Phase Five Parcel for two reasons: (i) the

---

[2] While Developer's complaint contained other counts, Developer challenges only the trial court's adjudications of counts I and II.

[3] The trial court's construction of the limited assignments and the January 2016 Assignment presents a question of law that we review *de novo*. JF & LN, LLC v. Royal Oldsmobile-GMC Trucks Co., 292 So. 3d 500, 505 (Fla. 2d DCA 2020). We also review *de novo* the trial court's interpretations of the Declaration of Condominium and the Declaration of Covenants. Courvoisier Courts, LLC v. Courvoisier Courts Condo. Ass'n, 105 So. 3d 579, 580 (Fla. 3d DCA 2012).

4

January 2016 Assignment purported to give Developer overly expansive rights as developer and declarant that did not exist by virtue of the prior limited assignments; and (ii) Developer "does not own Unit 5-100 or any other property located in the Phase Five Parcel," which the court determined was a prerequisite to developing the property.  We agree with both findings.

    1. <u>The January 2016 Assignment</u>

Beginning with the May 1, 1990 "Limited Assignment of Rights as Developer" between former developers Southern Skyway Property, Inc. and U.S. Properties, Inc., the developer's rights with respect to the condominium have been limited to those "rights as Developer and Declarant [that] affect, govern and apply to Unit 5-100, of the Condominium."  The limited assignment expressly excluded "any and all other rights that Assignor may have as the Developer of any other property in the Condominium and as the Developer and Declarant with respect to any other property in the Four Ambassadors Project" including "with respect to the 'Common Properties' . . . of the Project."

The two subsequent limited assignments – in 2003, between U.S. Properties, Inc. and Brickell Bay Entertainment Company, and in 2004, between Brickell Bay Entertainment Company and Brickell Yacht Club at Four Ambassadors, L.L.C. – were similarly limited.  This, of course, was

5

appropriate because an assignee stands in the shoes of the assignor, receiving only those rights that are transferred. See Lauren Kyle Holdings, Inc. v. Heath-Peterson Constr. Corp., 864 So. 2d 55, 58 (Fla. 5th DCA 2003). A successor developer cannot assign any more rights than were assigned to it by a predecessor developer.

The January 2016 Assignment to Developer is written more broadly, purporting to convey "Assignor's rights as Developer of the Condominium under the Declaration of Condominium, . . . and as Declarant under the Declaration of Covenants, and including, but not limited to, Assignor's rights as Developer and Declarant as same affect, govern and apply to the Property." Nevertheless, as it must, the January 2016 Assignment recognizes that the "rights specifically received by [Developer] . . . , [are] pursuant to the Limited Assignment of Rights as Developer and prior Assignments thereto transferring and assigning rights as Developer to each of the constituent Assignor entities."

We agree with the trial court that, pursuant to the series of limited assignments, Developer's right as developer and declarant are limited to those that affect, govern and apply to Unit 5-100 only. The Four Ambassadors Condominium Association, Inc. is both the current owner of

6

Unit 5-100 and the holder of all other rights as developer and declarant with respect to the condominium.

2. <u>The Declaration of Condominium and the Declaration of Covenants</u>

The Four Ambassadors Condominium was created to convert an existing hotel into a residential condominium. The Declaration of Condominium gives the developer the authority to convert the four existing towers into residential units in Phases One through Four, and to develop Unit 5-100 in Phase Five. Specifically, section 22.4 of the Declaration of Condominium provides that "Phase Five will contain one (1) Unit,[4] if added, all subject to increase and decrease as set forth in Section 9.2 hereof." Section 9.2 of the Declaration of Condominium permits the developer to make "alterations, additions, or improvements" to "Developer-owned Units" without obtaining prior consent.

In February 1990, prior developer Southern Skyway Property, Inc. timely exercised the right to develop Phase Five and acquired title to Unit 5-100. The Declaration of Condominium amendment adding Phase Five expressly provided that "Developer hereby submits the fee title to [Unit 5-

---

4 Section 22.2 of the Declaration of Condominium provides the legal description, survey and plot plan for the single unit added during Phase Five. It is not disputed that Unit 5-100 (the ballroom facility) is the single unit referenced in section 22.4.

100] . . . to condominium ownership in accordance with and subject to the provisions of the Declaration, and declares that said property hereafter be part of the Condominium Property of the Condominium." This was consistent with section 22 of the Declaration of Covenants, which provides that "[i]f a Parcel shall be added to the Condominium as a phase thereof . . . such Parcel shall thereupon cease to be a Parcel and shall become a condominium or a portion of a condominium."

The trial court concluded that once Unit 5-100 was added to the condominium the Phase Five Parcel ceased to be a "Parcel." Consequently, pursuant to section 22.4 of the Declaration of Condominium, as restricted by section 9.2, Developer must own Unit 5-100 – the lone unit permitted to be created during Phase Five – if Developer wants to develop it. We agree. See Lenzi v. Regency Tower Ass'n, Inc., 250 So. 3d 103, 104 (Fla. 4th DCA 2018) (recognizing that, when construing condominium declarations, "the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose'" (quoting Murley v. Wiedamann, 25 So. 3d 27, 29 (Fla. 2d DCA 2009) (quoting Taylor v. Taylor, 1 So. 3d 348, 350 (Fla. 1st DCA 2009)))).[5] Pursuant to the Declaration

---

[5] None of the other provisions of the Declaration of Condominium cited by Developer override or conflict with section 22.4's requirement that section 9.2 will govern any "increase or decrease" to Phase Five (i.e., Unit 5-100).

of Condominium and the Declaration of Covenants, Developer cannot develop Unit 5-100 because Developer does not own it.

We, therefore, affirm entry of judgment in favor of Associations on count I.

*B.    Count II – Invalidation of the August 2013 Amendment*

Count II of the complaint sought a declaration that the August 2013 Amendment was invalid.  In the July 24, 2019 final judgment, the trial court determined that count II was moot "because Associations have nullified and revoked the August 19, 2013 Amendment."  Nevertheless, the trial court entered judgment in favor of Associations on count II because, according to the court, Developer lacked standing to challenge the August 2013 Amendment and Developer otherwise had no right to develop the Phase Five Parcel.

Having properly determined that this issue was moot, the trial court, rather than proceeding to adjudicate count II, should have dismissed count II for lack of an actual controversy.  See Paul Jacquin & Sons, Inc. v. City of Port St. Lucie, 69 So. 3d 306, 308 (Fla. 4th DCA 2011) ("An issue is moot when the controversy has been so fully resolved that a judicial determination

Such "increase or decrease" (i.e., specified additions, alterations or improvements) is contingent on the developer owning Unit 5-100.

9

can have no actual effect. A case is 'moot' when it presents no actual controversy or when the issues have ceased to exist. A moot case generally will be dismissed.") (citations omitted); <u>Schweickert v. Citrus Cnty. Fla. Bd.</u>, 193 So. 3d 1075, 1078 (Fla. 5th DCA 2016) (same). Accordingly, we reverse that portion of the July 24, 2019 final judgment entering judgment in favor of Associations on count II, and remand with instructions that the claim be dismissed.

## III. CONCLUSION

After a *de novo* review, we affirm that portion of the July 24, 2019 final judgment determining that Developer does not have the right to develop the Phase Five Parcel (count I). Because count II of Developer's complaint was rendered moot by the Associations' revocation of the August 2013 Amendment, we reverse that portion of the final judgment adjudicating count II and remand with instructions for the trial court to dismiss count II as moot.[6]

Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion.

---

[6] We affirm, without discussion, the other issues raised by Developer in this appeal.