557 So.2d 128 (1990)
Tim MARTIN, Appellant,
v.
PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, Formerly Bankers Life Company, a Foreign Corporation, Appellee.
No. 89-668.
District Court of Appeal of Florida, Third District.
February 13, 1990.
Horton, Perse & Ginsberg and Edward A. Perse, for appellant.
Shutts & Bowen and Maxine M. Long, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
Martin, a disabled police officer, sued Principal Insurance Company alleging fraud and misrepresentation regarding the extent of coverage provided in a disability policy. Principal's primary defense is that Martin has no cause of action because the coverage purchased is only that reflected in the policy. The insurer also raised several affirmative defenses including, statute of frauds, statute of limitations,[1] and waiver. Without indicating any grounds, the trial court dismissed Martin's third amended complaint with prejudice. We reverse.
A motion to dismiss tests whether a cause of action is stated and requires the court to look only to the four corners of the complaint without considering any affirmative defenses raised by the defendant, or evidence likely to be produced by either *129 side. N.E. at W. Palm Beach, Inc. v. Horowitz, 471 So.2d 570 (Fla. 3d DCA 1985). The complaint in this case sufficiently alleged all the elements of a fraudulent representation. See Assad v. Mendell, 511 So.2d 682, 683 (Fla. 3d DCA 1987).
The terms of an insurance policy do not preclude an action against the insurer or its agent where the agent misrepresents the coverage of the insurance contract and the insured reasonably relies on the misrepresentation to his detriment. S & S Air Condit. Co. v. Freire, 555 So.2d 387 (Fla. 3d DCA 1989).
Reversed and remanded.
NOTES
[1] Although the existence of a statute of limitations defense may appear from the face of a complaint, subjecting the cause to dismissal by motion, Anderson v. Emro Mkt. Co., 550 So.2d 531 (Fla. 1st DCA 1989); Fla.R.Civ.P. 1.110(d), that is not the case here. It is alleged, in a complaint filed November 17, 1986, that a policy of disability insurance was issued effective April 28, 1980, through April 28, 1985, that the plaintiff was impaired on November 10, 1980, and that the defendant paid benefits under the policy for twenty-four months. There are no further pleadings as to when the defendant indicated, by words or actions, that it intended to make no further disability payments. For that reason it cannot be concluded, as a matter of law, that the defendant knew or should have known of a cause of action prior to the expiration of the four-year statute of limitation.