662 So.2d 1387 (1995)
Daniel WARREN and Julia Warren, Appellants,
v.
DAIRYLAND INSURANCE COMPANY, a foreign corporation, M & D Group, Inc., a Florida corporation d/b/a M & D Insurance, Erica Weinberg and Sally Schultz, individually, Appellees.
No. 94-2852.
District Court of Appeal of Florida, Fourth District.
November 29, 1995.
Michael Milchman, Fort Lauderdale, for appellants.
Michael J. Schwartz of John S. Freud, P.A., Miami, for Appellee-Dairyland.
*1388 PARIENTE, Judge.
Plaintiffs, Daniel Warren and Julia Warren (plaintiffs), appeal the dismissal with prejudice of their second amended complaint against defendant Dairyland Insurance Company (Dairyland). Because the second amended complaint states a cause of action for negligent misrepresentation and because the exhibits attached to the second amended complaint do not expressly negate or contradict the allegations of the second amended complaint, we reverse the final order of dismissal in favor of Dairyland.
Plaintiffs claim entitlement to uninsured motorist coverage from Dairyland as a result of negligent misrepresentations made by defendant M & D Insurance, an insurance agency alleged to be Dairyland's agent. Dairyland asserts that at no time did it issue any liability policy to plaintiffs. It also asserts that certain exhibits attached to the complaint demonstrate that Dairyland had been erroneously listed as primary insurance carrier on other exhibits attached to the complaint. While not disputing Dairyland's assertions, it is premature at the pleading stage to make that evidentiary determination.
If an exhibit attached to a complaint negates the pleader's cause of action, the plain language of the document will control and may be the basis for a motion to dismiss. See Buck v. Kent Sec. of Broward, 638 So.2d 1004 (Fla. 4th DCA 1994); Ginsberg v. Lennar Florida Holdings, Inc., 645 So.2d 490, 494 (Fla. 3d DCA 1994), review denied, 659 So.2d 272 (Fla. 1995); Harry Pepper & Assocs., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA), cert. denied, 252 So.2d 797 (Fla. 1971); Franz Tractor Co. v. J.I. Case Co., 566 So.2d 524, 526 (Fla. 2d DCA 1990). In this case, however, although the exhibits attached to the complaint do not clearly show that Dairyland was the primary insurance carrier, neither do the exhibits expressly negate this allegation or any other allegations of the complaint. If Dairyland had issued a liability policy and its agent had improperly explained uninsured motorist coverage to plaintiffs, Dairyland could be liable for uninsured motorist coverage equal to the liability limits. See Glynn v. New Hampshire Ins. Co., 578 So.2d 36 (Fla. 4th DCA 1991); Glens Falls Ins. Co. v. Russell, 527 So.2d 228 (Fla. 4th DCA 1988).
Alternatively, Dairyland could be vicariously liable for the negligent misrepresentations if the insurance agency were acting as agent for Dairyland at the time of its dealings with plaintiffs and if plaintiffs detrimentally relied upon the agent's representations. See Martin v. Principal Mut. Life Ins. Co., 557 So.2d 128 (Fla. 3d DCA 1990). Plaintiffs allege the existence of an agency relationship between Dairyland and M & D Insurance in their second amended complaint. None of the exhibits attached to the complaint negate or contradict this allegation.
While it may be that Dairyland has absolutely no connection with this transaction, this determination cannot be made at the initial pleading stage in this case. We are bound to consider the four corners of the complaint, together with the exhibits, and accept all well-pleaded allegations as true. See Sovran Bank, N.A. v. Parsons, 547 So.2d 1044 (Fla. 4th DCA 1989); Martin.
We emphasize that our decision addresses only the adequacy of the pleadings and not the potential evidentiary underpinnings for the claim. If the claim is totally without factual support because Dairyland has no connection with the transaction, this should properly be disposed of by summary judgment. However, this record does not allow us to make that determination.
REVERSED AND REMANDED.
STONE and POLEN, JJ., concur.