676 So.2d 500 (1996)
HOLLYWOOD LAKES SECTION CIVIC ASSOCIATION, INC., and Brion Blackwelder, Appellants,
v.
CITY OF HOLLYWOOD, a Political Subdivision of the State of Florida, and Avatar Development Corporation, Appellees.
No. 95-2918.
District Court of Appeal of Florida, Fourth District.
July 3, 1996.
Rehearing, Clarification and Certification of Question or Conflict Denied August 1, 1996.
Brion Blackwelder, Hollywood, for appellants.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellee-Avatar Development Corporation.
RAMIREZ, JUAN, Jr., Associate Judge.
Appellants, Hollywood Lakes Section Civic Association, Inc. and Brion Blackwelder, challenge a dismissal of their amended complaint with prejudice. They sued the City of Hollywood (the city) and Avatar Development Corporation, alleging that the city had granted Avatar Development Corporation or its predecessors in interest (collectively, Avatar) an interest in public property in violation of the limitations placed on alienating public property under either the city's 1955 Charter or 1984 Charter. We affirm in part and reverse in part.
*501 Litigation regarding this property commenced in 1972 between Avatar and the city. In 1974, the parties reached a settlement, which was approved by the court in a final judgment. The property was transferred by warranty deed on September 18, 1975 from Avatar to the city. The property was subsequently dedicated for public use as parks. The judgment was amended in 1981 following an agreement between the parties that realigned one of the parcels. The judgment was amended again in 1994, followed by the execution of a special warranty deed that transferred a portion of the property from the city to Avatar.
Appellants' amended complaint requested declaratory and injunctive relief. It challenged the 1981 judgment realigning the property as violative of the city's 1955 Charter, which required an ordinance and possibly a referendum before public property could be sold. Appellants also contended that the 1994 judgment and the 1994 special warranty deed transferred a substantial portion of public land to Avatar in violation of the city's 1984 Charter. Such a transfer allegedly required a four-fifths (4/5) vote of the city commission and possibly a referendum to approve the sale or other disposition of any city-owned property.
The trial court was required to treat the factual allegations of the complaint as true and to consider those allegations in the light most favorable to the plaintiffs. Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1030 (Fla. 4th DCA 1994). The dismissal of the complaint with prejudice was obviously a severe sanction. See Weaver v. Leon County Classroom Teachers Ass'n, 21 Fla. L. Weekly D751, ___ So.2d ___ [1996 WL 134304] (Fla. 1st DCA Mar. 27, 1996). However, if the attached exhibits negated the allegations of the complaint, "the plain language of the document will control and may be the basis for a motion to dismiss." Warren v. Dairyland Ins. Co., 662 So.2d 1387, 1388 (Fla. 4th DCA 1995).
Appellants' complaint was an impermissible collateral attack on the 1981 and 1994 judgments. The "declaratory decree statute is no substitute for established procedure for review of final judgments or decrees. Nor is it a device for collateral attack upon them." deMarigny v. deMarigny, 43 So.2d 442, 445 (Fla.1949); see also §§ 86.011, 86.021, Fla. Stat. (1995); City of Miami v. Eldredge, 126 So.2d 169 (Fla. 3d DCA), cert. denied, 138 So.2d 341 (Fla.1961).
In City of North Miami Beach v. Bernay, 117 So.2d 863 (Fla. 3d DCA 1960), the plaintiff brought an action on behalf of all residents of a certain area challenging the validity of two prior decrees which annexed the area in question into the municipality. The complaint sought injunctive relief against the city from levying and collecting ad valorem and other taxes affecting the annexed property. The court held that declaratory proceedings may not be used to contest the validity of prior annexation decrees from which no appeals were taken. See Frix v. Beck, 104 So.2d 81 (Fla. 3d DCA 1958) (where the law provides for appellate review and the party adversely affected does not avail itself of such relief, a suit for declaratory decree may not be sought to alter or reverse the prior decision).
The action was also untimely as to the 1981 judgment because the complaint was not filed within the four-year timeframe provided for by section 95.11(3)(p), Florida Statutes (1995). The complaint sought declaratory and injunctive relief in connection with prior judgments entered in the 1972 case. As no specific statute of limitation governs such an action, it is controlled by the four-year provision of section 95.11(3)(p). See Sarasota Welfare Home, Inc. v. City of Sarasota, 666 So.2d 171, 172-73 (Fla. 2d DCA 1995). Therefore, the complaint was untimely with respect to the 1981 judgment.
However, the amended complaint also attacked the validity of the 1994 special warranty deed which, on its face, appears to effectuate a transfer of property from the city to Avatar. Avatar argues that the 1994 deed neither adds nor subtracts from the prior deeds or judgments, but the trial court did not make such a determination, nor can we do so on the basis of this record. Therefore, we reverse the trial court only as to the allegations challenging the 1994 special warranty deed.
*502 AFFIRMED IN PART, REVERSED IN PART and REMANDED.
STONE and SHAHOOD, JJ., concur.