762 So.2d 981 (2000)
Fabian SOSA, Appellant,
v.
The CITY OF WEST PALM BEACH (a political subdivision of the State of Florida), and the City of West Palm Construction Board of Adjustment and Appeals, Appellees.
No. 4D99-2566.
District Court of Appeal of Florida, Fourth District.
June 7, 2000.
Rehearing Denied July 26, 2000.
Thomas J. O'Grady of Law Office of O'Grady & Darville, Boca Raton, for appellant.
Patrick N. Brown and Nancy D. Urcheck, West Palm Beach, for appellees.
POLEN, J.
Fabian Sosa appeals after the trial court dismissed with prejudice his third amended complaint, brought under the Bert J. Harris, Jr., Private Property Rights Protection Act ("Harris Act"), against the City of West Palm Beach ("City"). We affirm.
On February 21, 1997, the City issued a notice and order of condemnation with respect to a structure that Sosa was remodeling on certain real property that he owned. The notice and order indicated that inspection of the structure revealed severe deterioration and multiple code violations, and that the costs to repair the problems would exceed the estimated value of the structure. The forms indicated that the structure was deemed to be unsafe for human habitation and, thus, a public nuisance.
Over the next twenty months, Sosa appeared before the City's Board of Adjustment and Appeals several times. Despite extensions given to him by the City to obtain the proper certifications and permits, Sosa failed to do so. On September 23, 1998, the Board found that Sosa continued to perform work on the property without proper permits and certifications and that the public safety concerns with respect to the soundness of the structure still existed. Accordingly, demolition of the structure was ordered.
Sosa next brought a petition for certiorari in the circuit court, but that was dismissed as untimely filed. He then sued the City, alleging various violations of the Harris Act. He alleged that the City placed an inordinate and/or substantial burden on his property by purposely refusing to issue the required permits that Sosa needed to properly complete remodeling of the structure. He alleged that the City's action rose to the level of a taking.
On the City's motion, the court dismissed the third amended complaint with prejudice. It found, among other reasons, that Sosa failed to comply with the prerequisites *982 for bringing a Harris Act claim. This appeal followed.
The Harris Act, codified in section 70.001, Florida Statutes (1997), creates a distinct and independent cause of action for aggrieved property owners. § 70.001(1), (5)(a), Fla. Stat. (1997). The Act provides,
When a specific action of a governmental entity has inordinately burdened an existing use of real property or a vested right to a specific use of real property, the property owner of that real property is entitled to relief, which may include compensation for the actual loss to the fair market value of the real property caused by the action of government, as provided in this section.
§ 70.001(2), Fla. Stat. (1997). The Act, however, requires that
[n]ot less than 180 days prior to filing an action under this section against a governmental entity, a property owner ... must present the claim in writing to the head of the governmental entity. The property owner must submit, along with the claim, a bona fide, valid appraisal that supports the claim and demonstrates the loss in fair market value to the real property....
§ 70.001(4)(a), Fla. Stat. (1997).
In this vein, our review of the record supports that Sosa failed to comply with the prerequisites for bringing suit under the Harris Act. Not only did he fail to present to the City any appraisal supporting the claim prior to bringing suit, he presented his claim less than 180 days before he filed this action. Thus, we affirm dismissal of the third amended complaint.
AFFIRMED.
STONE and GROSS, JJ., concur.