LAWSON, J.
In an attempt to collaterally attack his 38-year-old first degree murder conviction, Mack Reed Tedder, II, filed a declaratory judgment action alleging defects in the underlying information charging him with murder. The trial court dismissed the complaint, and we affirm. Tedder’s collateral attack is time-barred under Florida Rule of Criminal Procedure 3.850, and a defendant cannot circumvent that rule by filing a civil action for declaratory judgment. See, e.g., Hollywood Lakes Section Civic Ass’n, Inc. v. City of Hollywood, 676 So.2d 500 (Fla. 4th DCA 1996) (“The ‘declaratory decree statute is no substitute for established procedure for review of final judgments or decrees. Nor is it a device for collateral attack upon them.’”) (quoting deMarigny v. deMarigny, 43 So.2d 442, 445 (Fla.1949)); Stahl v. Wilson, 121 So.2d 662, 663 (Fla. 3d DCA 1960) (“[T]he declaratory decree proceeding is not a substitute for established procedure for review of final judgments and decrees. Nor is it a device for collateral attack upon them.”); see also State ex rel. Butterworth v. Kenny, 714 So.2d 404, 409-10 (Fla.1998) (explaining that “postconviction relief proceedings, while technically classified as civil actions, are actually quasi-criminal in nature because they are heard and disposed of by courts with criminal jurisdiction,” and indicating that a purely civil action cannot be used to test the legality of a criminal conviction or sentence).
AFFIRMED.
TORPY, J., and PLEUS, JR., R., Senior Judge, concur.