DAVIS, Judge.
William Turkali challenges the final judgment entered in favor of the City of Safety Harbor and Pinellas County by which his claim under the Bert Harris Private Property Protection Act (“The Act”)[1] was dismissed. We affirm.
Mr. Turkali owns waterfront residential property in Safety Harbor. His parcel consists of approximately 0.25 acres (some of which was unusable due to being under water) and includes a 2700-square-foot single-family residence. Representatives of the City approached Mr. Turkali with a request that he agree to have his property included in the Safety Harbor Community Development District. In return, the City promised to designate the property ROS (retail/office/service), which allowed for several diverse uses, imposed no density restrictions, and permitted buildings to be up to three-stories tall. Mr. Turkali accepted the invitation, which meant that the City would not have to initiate an eminent domain proceeding to include his property in the new development plan.
*494 In 2006, the City proposed to amend the Community Development Plan. The amendments down-planned the subject property, i.e., eliminated significant valuable uses available to the property owner under the ROS designation. Under the new plan, the property could only be used for single-family detached dwellings. After the City approved the amendments, the plan was submitted to Pinellas County for approval. The County rejected the plan twice before ultimately approving it in March 2009.
In response, Mr. Turkali filed a notice of intent to file an action against the City and County under the Act. To his notice, Mr. Turkali attached an appraisal as required by the statute. When there was no resolution of his claim, Mr. Turkali filed his complaint, seeking damages for the loss in the value of his property due to the amending of the land use designation by the new development plan. He alleged that the value of his land was significantly diminished because the new single-family residential designation of his property reduced the property’s value as compared to the potential values for the many ROS uses.
The City and the County both moved to dismiss Mr. Turkali’s claim. The trial court twice granted the motions to dismiss without prejudice to Mr. Turkali’s amending his complaint. However, when he filed his third amended complaint, which was substantially identical to the second amended complaint, the trial court dismissed Mr. Turkali’s cause of action with prejudice upon motion by the City and County. He now challenges that dismissal with prejudice.
In its final order, the trial court cited two grounds for dismissing the complaint. First, the trial court determined that as a matter of law, Mr. Turkali could not state a cause of action under the Act without first seeking use of his property for purposes other than a single-family residence. The court concluded that because the Act is limited to “as applied” challenges, any claim that Mr. Turkali might have under the Act would not be ripe until he petitioned for a variance through an administrative proceeding and the variance was denied. Second, the trial court determined that the appraisal attached to the notice of claim (which was attached to the third amended complaint) was not a “valid, bona fide appraisal” for the purposes of the Act. Because we agree with the trial court that the appraisal was invalid, we affirm the trial court’s dismissal with prejudice without addressing the ripeness of Mr. Turkali’s claim.
Pursuant to the Act,
[w]hen a specific action of a governmental entity has inordinately burdened an existing use of real property or a vested right to a specific use of real property, the property owner of that real property is entitled to relief, which may include compensation for the actual loss to the fair market value of the real property caused by the action of the government.
§ 70.001(2), Fla. Stat. (2008). The Act provides that the action must be filed within one year of the application of the ordinance to the subject property. § 70.001(11). Additionally, the owner must file a presuit notice to the political entity at least 180 days prior to filing the action. § 70.001 (4)(a).[2] This notice must include a “bona fide, valid appraisal that supports the claim and demonstrates the loss in fair market value to the real property.” Id.
*495 In the instant case, Mr. Turkali timely filed his presuit notice and provided an appraisal showing both the value of his property before the new use regulations passed and the value after the new limitations were imposed. The City and the County maintain that this appraisal is deficient because it conditions the property’s preordinance and postordinanee values on the potential of bundling the property with several adjoining properties for one joint ROS use. We agree.
The appraisal does not provide opinions as to the value of just Mr. Turkali’s parcel before and after the enactment of the new use restrictions.[3] As such, the appraisal did not provide the City and the County the means by which to evaluate the potential claim for the purpose of making a settlement offer prior to the filing of a suit. See § 70.001(4)(c) (“During the ... 180-day-notice period, unless extended by agreement of the parties, the governmental entity shall make a written settlement offer.... ”). Because the procedures of the Act were negated by the deficient appraisal, Mr. Turkali’s presuit notice was invalid and he cannot state a cause of action under the Act. Accordingly, the trial court properly dismissed his complaint. Since this was his third amended complaint and was essentially the same as his second amended complaint, the trial court was within its discretion to dismiss with prejudice. See Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992) (“[A]s an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his [or her] discretion in dismissing with prejudice. While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion.” (citation omitted)).
Having determined that the trial court properly dismissed the complaint, we need not reach the issue of whether a variance must be sought and denied as a condition precedent to filing an “as applied” challenge to the ordinance.
Affirmed.
NORTHCUTT and VILLANTI, JJ., Concur.

. § 70.001, Fla. Stat. (2008).

. A 2011 amendment to the Act changed the presuit notice deadline to 150 days prior to filing the action. Ch.2011-191, § 1, Laws of Fla.

. Attached to the appraisal was an earlier appraisal made prior to the enactment of the restrictions. This was dated 2008, but there was no appraisal as to the value as of the date of the enactment and no opinion as to the value of the parcel after the enactment.