ALTENBERND, Judge.
P.I.E., LLC, appeals an order that dismissed its amended complaint with prejudice. We affirm the dismissal as to count II of the amended complaint but reverse the dismissal as to count I. Count I alleged a claim under the Bert J. Harris, Jr., Private Property Rights Protection Act. See § 70.001, Fla. Stat. (2007) (the “Bert Harris Act”). The trial court granted De-Soto County’s motion to dismiss this count, reasoning that the claim was untimely under the one-year period contained in subsection 70.001(11). That subsection states: “A cause of action may not be commenced under this section if the claim is presented more than 1 year after a law or regulation is first applied by the governmental entity to the property at issue.” § 70.001(11) (emphasis added). In light of the allegations of the complaint, we conclude that the action was not subject to dismissal as a matter of law based only on the content of the complaint. Accordingly, we reverse and remand for further proceedings.
P.I.E. allegedly purchased about fifty acres of undeveloped property in DeSoto County for $1,250,000 in September .2005. It planned to use the property initially as a borrow pit, excavating sand and shell material, and later as a portion of a development. It submitted an application for an excavation permit in October 2006. The application for the permit was scheduled for hearing on February 27, 2007. Apparently, the county’s development department recommended approval of this application, subject to twenty-nine listed conditions.
At the hearing on February 27, the county commission allegedly voted unanimously to deny the permit based on concerns about health, dust, noise, and increased traffic. P.I.E. alleges that the oral vote denying its permit application was not reduced to a written decision, i.e., DeSoto County Resolution 2007-12, until March 28, 2007.
The Bert Harris Act contains some relatively complex presuit requirements. The property owner must submit a claim in writing to the head of the governmental entity. § 70.001(4)(a). If the matter is not resolved during the presuit period, the property owner can file its lawsuit in circuit court. § 70.001(5). However, such a cause of action “may not be commenced under this section if the claim is presented more than 1 year after a law or regulation is first applied by the governmental entity to the property at issue.” § 70.001(11).
DeSoto County moved to dismiss the amended complaint, arguing that it was untimely on its face because the presuit claim was filed on March 26, 2008, with the DeSoto County Commission. Both below and in this appeal, DeSoto County has asserted that the law or regulation in this circumstance was “first applied” on the day that the commission voted, i.e., February 27, 2007, and not on the day when the commission actually signed the written ordinance. P.I.E., on the other hand, argues *579 that “first applied” should be interpreted in the context of a legal system where orders on written pleadings and applications are reduced to writing, signed, and “rendered” by filing in an appropriate public record. See, e.g., Fla. R. App. P. 9.020(h). There is little question that section 70.001(11) would be easier to apply and interpret if it were written in more traditional legal language.
In Wendler v. City of St. Augustine, 108 So.3d 1141 (Fla. 5th DCA 2013), the Fifth District held that the one-year period commenced on the date that a permit was denied and that the lawsuit needed to be filed within four years of the date of denial.[1] Wendler seems to assume that the denial was effective when issued in writing. Thus, the Fifth District did not resolve the issue raised by DeSoto County in this case.
We recognize that this court typically reviews de novo, as a question of law, an order dismissing a complaint as untimely. On the face of the complaint, there can be no question that P.I.E. alleges that March 28, 2007, was the effective date of County Resolution 2007-12 and the first date that this regulation applied to its property. Although that argument seems reasonable to us, we conclude that there is a factual dispute that must be resolved before the legal question can be answered.
From this record, we cannot determine when the applicable county code declares that a denial of a written application for a permit takes effect. From the positions taken at oral argument, there may even be a factual dispute as to when the written ordinance was executed. We conclude that, as a matter of law, on the face of this record we must accept P.I.E.’s position that the regulation “first applied” on March 28, 2007, which would render its legal action timely. Accordingly, we reverse the dismissal of this count. Our reversal does not preclude DeSoto County from developing a factual record and seeking summary judgment on this issue if it can establish that its ordinances take effect immediately upon oral vote of the commissioners or that the claim was not otherwise timely presented within the one-year period.
Count II of the complaint attempted to allege a cause of action for a taking under the theory announced in Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). We affirm the trial court’s decision that count II does not state such a cause of action.
We have considered other timeliness arguments by DeSoto County and reject those arguments without discussion. De-Soto County has also suggested alternate grounds for dismissal that were not the basis for dismissal in the trial court. We decline to rule on those grounds, at least some of which appear to involve factual matters outside this record.
Reversed and remanded.
LaROSE and MORRIS, JJ., Concur.

. As noted in Wendler, 108 So.3d at 1146 n. 5, this court’s opinion in Turkali v. City of Safety Harbor, 93 So.3d 493, 494 (Fla. 2d DCA 2012), could be read to establish a one-year statute of limitations. See Turkali, 93 So.3d at 494 (“The Act provides that the action must be filed within one year of the application of the ordinance to the subject property. § 70.001(11).”). In context, however, the sentence in Turkali, which could be read in this manner, uses the word "action” when it should have used the word "claim.”