DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM MICHAEL VALE, STEVE CALTAGIRONE, STEVE JORDAN**
and **PHYLLIS GREENBERG,**
Appellants,

v.

**PALM BEACH COUNTY,**
Appellee.

Nos. 4D18-1037, 4D18-1039, 4D18-1073 and 4D18-1592

[November 21, 2018]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case Nos. 502016CA001278XXXXMB, 502016CA001403XXXXMB, 502016CA001522XXXXMB and 502016CA001279XXXXMB.

William Michael Vale, Boca Raton, pro se.

Steve Caltagirone, Boca Raton, pro se.

Steve Jordan, Boca Raton, pro se.

Phyllis Greenberg, Boca Raton, pro se.

Robert P. Banks of Palm Beach County Attorney's Office, West Palm Beach, for appellee.

DAMOORGIAN, J.

In this consolidated appeal, the four property owner plaintiffs appeal the dismissal of their Bert J. Harris, Jr., Private Property Rights Protection Act ("the Act") lawsuits against Palm Beach County. Because plaintiffs' properties were not directly regulated by the county's actions as contemplated under the Act, we affirm.

The following facts are taken from the trial court's detailed and well-reasoned order dismissing plaintiffs' lawsuits. Plaintiffs all purchased homes in a planned unit development adjacent to a golf course. It is undisputed that plaintiffs do not legally own the golf course. After the golf

course proved to be unsuccessful, its owner sought to rezone the property for residential development. The county ultimately approved a development order amendment allowing the redevelopment of the golf course. Plaintiffs thereafter separately sued the county for damages under the Act, alleging that the zoning approval inordinately burdened their properties in that it diminished the value of the properties. The county moved to dismiss the lawsuits, arguing that the Act did not apply because the county had taken no direct action against plaintiffs' properties. The trial court agreed with the county and dismissed the lawsuits, reasoning that the Act did "not contemplate the government paying for devaluation that results from government actions directed towards adjacent properties." This appeal follows.

Enacted by the Florida Legislature in 1995, the Act serves "as a mechanism to protect and compensate any landowner whose property is affected by government action not rising to the level of a taking." *Ocean Concrete, Inc. v. Indian River Cty., Bd. of Cty. Comm'rs*, 241 So. 3d 181, 186 (Fla. 4th DCA 2018) (citing § 70.001(1), Fla. Stat. (1995)). To prevail under the Act, the property owner is required to show that "a specific action of a governmental entity has inordinately burdened an existing use of real property or a vested right to a specific use of real property." § 70.001(2), Fla. Stat. (2016). In order for property to be considered "inordinately burdened," the Act provides that the government action must "*directly* restrict[ ] or limit[ ] the use of real property." § 70.001(3)(e)1., Fla. Stat. (emphasis added).

In *Hardee County v. FINR II, Inc.*, 221 So. 3d 1162, 1164 (Fla. 2017), our supreme court considered whether the Act applied to claims arising from government action that regulated property adjacent to a claimant's property. In holding that it did not, the court reasoned that "[t]o ensure that the word 'directly' is not construed as mere surplusage, the government action must directly act upon the owner's parcel. To hold otherwise would give the language no more meaning than if the word 'directly' had been omitted." *Id.* at 1165; *see also City of Jacksonville v. Smith*, 159 So. 3d 888, 889–94 (Fla. 1st DCA 2015) (holding that the claimants could not maintain an action pursuant to the Act for the devaluation of their property caused by governmental action regulating property adjacent to the claimants' property).

Plaintiffs acknowledge the holding in *Hardee*, however maintain that because their properties and the former golf course are part of the same planned unit development, their properties are "holistically" integrated with, and not merely adjacent to, the former golf course. Accordingly, plaintiffs argue that their properties were in fact directly acted upon by the

2

county.  We disagree.  The Act defines a "property owner" as meaning "the person who holds *legal title* to the real property that is the subject of and directly impacted by the action of a governmental entity."  § 70.001(3)(f), Fla. Stat. (emphasis added).  As it is undisputed that plaintiffs do not hold legal title to the former golf course, they are not "property owners" as contemplated under the Act.

*Affirmed.*

GROSS and CIKLIN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**