DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DHBH ATLANTIC L.L.C.** and **60 ½, LLC,**
Appellants,

v.

**CITY OF DELRAY BEACH,**
Appellee.

No. 4D21-852

[February 16, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502020CA011788XXXXMB.

Robert J. Hauser of Pankauski Hauser Lazarus PLLC, West Palm Beach, and John R. Eubanks, Jr. of Sniffen & Spellman, P.A., West Palm Beach, for appellants.

Daniel L. Abbott, Laura K. Wendell, and Alicia Gonzalez of Weiss Serota Helfman Cole & Bierman, P.L., Fort Lauderdale, for appellee.

KLINGENSMITH, J.

DHBH Atlantic L.L.C. and 60 ½ LLC (collectively referred to as "appellants") appeal a final order dismissing their complaint with prejudice under the Bert J. Harris, Jr., Private Property Rights Protection Act, section 70.001, Florida Statutes (2019) ("Harris Act"), against appellee City of Delray Beach ("Delray"). For the reasons below, we affirm.

Appellants are affiliated companies that own adjacent real property in downtown Delray Beach. DHBH owned Parcels A and B, and 60 ½ later acquired Parcels C and D. In its current use, Parcels C and D provide parking for the two-story commercial buildings located on Parcels A and B. Appellants filed a plat for the land in 2007.

In February 2015, Delray adopted Ordinance No. 02-15 ("the 2015 Ordinance") to create a "Limited Height Area" in the same district where the Parcels are located. Although buildings in this district had previously been permitted up to forty-five feet in height with no limit as to the number

of stories, the 2015 Ordinance restricted the maximum building height in the Limited Height Area to thirty-eight feet and a maximum of three stories. Due to objections to the height restrictions from property owners, the final version of the 2015 Ordinance provided, "In order to respond to [the] changing conditions in the area, these land development regulations shall be re-evaluated by February 2018 for their effectiveness in shaping the desired downtown environment."

After the re-evaluation occurred in February 2018, Delray adopted Ordinance No. 19-18 ("the 2018 Ordinance"). While the 2018 Ordinance was not identical to the previous ordinance, it did not change the thirty-eight-foot, three-story height limitation in the Limited Height Area suggested by the previous ordinance. Delray provided notice to all affected property owners within the Limited Height Area of the adoption of the 2018 Ordinance and reminded them they had "only one (1) year from receipt of this notice to pursue any rights established in Section 70.001, Florida Statutes."

A few days before the expiration of the one-year deadline for claims, appellants submitted a joint claim letter to Delray under the Harris Act. The letter identified DHBH and 60 ½ separately but referred to them collectively as "the Owner." In this letter, they asserted that prior to the enactment of the 2015 Ordinance, the two companies had entered a joint development plan to construct a four-story hotel on Parcels A, B, and C with parking on Parcel D. They collectively sought $8,400,000 for the actual loss of the fair market value of their properties based on "[t]he diminution in the value of the Property as of February 24, 2015" when the 2015 Ordinance was enacted. This loss figure was based on an appraisal that valued the joint property with the proposed four-story hotel at $33,400,000 against the value of the property with only a three-story hotel at $25,000,000. When Delray denied the claim, appellants filed their complaint in the lower court.

Delray moved to dismiss appellants' complaint with prejudice, arguing they failed to state a claim for compensation under the Harris Act because the appraisal was defective and the one-year period in which to initiate a Harris Act claim had expired, so they could no longer cure the alleged defect. Delray asserted the appraisal was defective because the appraisal valued all the Parcels as if the Parcels were one piece of property owned by one owner and improperly valued the Parcels before and after the 2015 Ordinance was enacted, not after the 2018 Ordinance was enacted.

Following a hearing, the trial court granted the motion to dismiss, finding the appellants' appraisal to be defective for two reasons. First, the

2

appraisal impermissibly valued the Parcels together as the Parcels were not under common ownership, and, as separate legal entities, DHBH and 60 ½ could not remove the corporate veil at will for the purposes of seeking affirmative relief. Second, the appraisal was improperly based on loss in value from the 2015 Ordinance rather than the 2018 Ordinance. Because the regulation was applied to the Parcels in 2018, and not 2015, the trial court found appellants' complaint did not meet the Harris Act requirements and thus failed to state a cause of action. As the defects in the appraisal could not be cured due to the lapse of the one-year period within which appellants had to notify Delray of their claim, the court dismissed the complaint with prejudice. This appeal followed.

"A motion to dismiss tests whether the plaintiff has stated a cause of action. Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal under the *de novo* standard of review." *Regis Ins. Co. v. Miami Mgmt., Inc.*, 902 So. 2d 966, 968 (Fla. 4th DCA 2005) (internal citation omitted). "If an exhibit attached to a complaint negates the pleader's cause of action, the plain language of the document will control and may be the basis for a motion to dismiss." *Warren v. Dairyland Ins. Co.*, 662 So. 2d 1387, 1388 (Fla. 4th DCA 1995).

The Harris Act, codified in section 70.001, Florida Statutes (2019), allows property owners to be compensated by a governmental entity if a government regulation inordinately burdens an existing or vested property right. The Act provides:

> When a specific action of a governmental entity has inordinately burdened an existing use of real property or a vested right to a specific use of real property, *the property owner of that real property is entitled to relief,* which may include compensation for the actual loss to the fair market value of the real property caused by the action of government, as provided in this section.

§ 70.001(2), Fla. Stat. (2019) (emphasis added). The Harris Act requires the owner of an affected property to file a claim within one year of the application of the ordinance to the subject property. § 70.001(11), Fla. Stat. (2019). Additionally, the owner must file a pre-suit notice to the political entity at least 150 days prior to filing the action. § 70.001(4)(a), Fla. Stat. (2019). This notice must include a "valid appraisal that supports the claim and demonstrates the loss in fair market value to the real property." *Id.* A deficient appraisal will negate compliance with the statute and prevent the party seeking relief from stating a cause of action under the Harris Act. *See Turkali v. City of Safety Harbor*, 93 So. 3d 493, 494–

3

95 (Fla. 2d DCA 2012). If the party seeking relief fails to present an appropriate appraisal supporting its claim within the statutory timeframe, the trial court may dismiss the claim with prejudice. *See Sosa v. City of West Palm Beach*, 762 So. 2d 981, 981–82 (Fla. 4th DCA 2000).

"The party seeking relief under the Harris Act bears the burden of proof" that an action taken by a government entity has inordinately burdened either an existing use or a vested right of use of real property. *Ocean Concrete, Inc. v. Indian River Cnty., Bd. of Cnty. Comm'rs*, 241 So. 3d 181, 186 (Fla. 4th DCA 2018). The Harris Act restricts a property owner to making a claim only as to property over which it holds legal title, defining "property owner" as "the person who holds legal title to the real property that is the subject of and directly impacted by the action of a governmental entity." § 70.001(3)(f), Fla. Stat. (2019). The language of the statute does not expressly permit two separate owners—holding separate legal title—to make a combined claim for their unified interest in platted property. *See id.* "[S]tatutory waivers of sovereign immunity, such as the waiver in the [Harris] Act, must be strictly construed, with any ambiguity concerning the scope of the Act resolved in favor of the government and against the claimant." *City of Jacksonville v. Smith*, 159 So. 3d 888, 894 (Fla. 1st DCA 2015). As such, this court is not at liberty to rewrite statutes to create procedures not envisioned by the legislature. *Sult v. State*, 906 So. 2d 1013, 1019 (Fla. 2005) ("Courts may not go so far in their narrowing constructions so as to effectively rewrite legislative enactments." (quoting *Wyche v. State*, 619 So. 2d 231, 236 (Fla. 1993)); *Hawkins v. Ford Motor Co.*, 748 So. 2d 993, 1000 (Fla. 1999) ("[T]his Court may not rewrite statutes contrary to their plain language.").

In appellants' joint claim to Delray, each company pooled its claim into one undifferentiated amount, in effect requesting compensation relating to property that it did not own. Appellants contend that although legal title was maintained in separate corporations, they had de facto joint ownership because the companies were controlled by the same person. This court has rejected the argument that a property owner can make a claim under the Harris Act for parcels that are related yet legally separate. *Vale v. Palm Beach County*, 259 So. 3d 951, 953 (Fla. 4th DCA 2018) (plaintiffs were not "property owners" as contemplated under the Harris Act because they did not hold legal title to the subject property, even though parcels were "holistically" integrated as part of the same planned unit development). Without legal title to all the property, DHBH and 60 ½ could not make a joint claim for relief that did not differentiate their respective claims relating to their individual property ownership. In other words, DHBH cannot collect compensation for property owned by 60 ½, just as 60 ½ cannot claim a right to the value of DHBH's property. *See*

4

*Daniels v. Fla. Dep't of Health,* 898 So. 2d 61, 64 (Fla. 2005) (a "statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent").

Here, the lower court correctly relied on the Second District's decision in *Turkali* to rule as a matter of law that the appellants' claim was legally deficient. We agree with our sister court's holding that properties owned by different parties cannot be bundled together in a combined, undifferentiated appraisal for a Harris Act claim. *See Turkali,* 93 So. 3d at 495 (an appraisal that "does not provide opinions as to the value of *just* [the owner's] parcel before and after the enactment of the new use restrictions," does not provide "the means by which to evaluate the potential claim") (emphasis added).

Additionally, the lower court's dismissal of the complaint with prejudice was proper. Appellants presented an outdated appraisal of the value of the property to Delray. *See Ocean Concrete, Inc.,* 241 So. 3d at 186; *Sosa,* 762 So. 2d at 982. The Harris Act states, "The award of compensation shall be determined by calculating the difference in the fair market value of the real property, *as it existed at the time of the governmental action at issue . . . .*" § 70.001(6)(b), Fla. Stat. (2019) (emphasis added). Under section 70.001(1):

> The Legislature recognizes that some laws, regulations, and ordinances of the state and political entities in the state, as applied, may inordinately burden, restrict, or limit private property rights . . . . Therefore, it is the intent of the Legislature that, as a separate and distinct cause of action from the law of takings, the Legislature herein provides for relief, or payment of compensation, *when a new law, rule, regulation, or ordinance of the state or a political entity in the state, as applied, unfairly affects real property.*

(emphasis added). "Thus, the statute's plain language establishes that a claim under the Harris Act does not ripen until the governmental entity specifically applies the law or ordinance to the property in question." *GSK Hollywood Dev. Grp., LLC v. City of Hollywood,* 246 So. 3d 501, 505 (Fla. 4th DCA 2018). "[U]ntil a government action is actually applied in a specific situation, the [Harris] Act is dormant and merely inchoate. Contrarily, when an enactment is first applied to a property, it constitutes governmental action that may be subject to the [Harris] Act in an 'as applied' context." *Id.* (quoting *City of Jacksonville,* 159 So. 3d at 909 (Makar, J., dissenting)).

The Harris Act's plain language establishes that the determination of the fair market value of the property must be measured at the time when the governmental action first affected the property. *See* § 70.001(6)(b). The Harris Act also specifically states that enactment of a law or regulation applies to the property only when notice is provided to the owners. § 70.001(11)(a)1., Fla. Stat. (2019). Here, any claim appellants may have had for their properties did not become ripe until they received notice of the 2018 Ordinance in November 2018. No claim for compensation under the Harris Act could have been accurately determined using an appraisal of value from 2015—three years before the governmental action was in effect.

Attaching a facially deficient appraisal to a complaint is enough to negate a party's cause of action. *See Sosa*, 762 So. 2d at 981–82 (finding dismissal with prejudice proper in part because claimant failed to provide the city with an appraisal supporting the claim); *Turkali*, 93 So. 3d at 494–95. Likewise, without a sufficient claim made pursuant to a timely and proper appraisal, appellants' complaint also failed to state a cause of action. *See Turkali*, 93 So. 3d at 494–95; *Warren*, 662 So. 2d at 1388. Although appellants argue they should be allowed to obtain and attach an updated appraisal to an amended complaint, obtaining a new appraisal would not alone fix the deficiency. Because appellants made a legally deficient joint claim, the only cure would be for DHBH and 60 ½ to separately submit their claims. If that were to occur, any new claim submitted to Delray and the court would be outside the statute's one-year limitation. *See* § 70.001(11) ("A cause of action may not be commenced under this section if the claim is presented more than 1 year after a law or regulation is first applied by the governmental entity to the property at issue.").

The trial court properly determined as a matter of law that appellants did not timely meet the essential pre-requisites to bring a Harris Act claim against Delray. We therefore affirm the lower court's dismissal of appellants' complaint with prejudice.

*Affirmed.*

DAMOORGIAN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

6